May Term,
1855.

HOWARD
v.
THE STATE.

---

HOWARD *v.* THE STATE.

Under the act of 1853 "to regulate the retailing of spirituous liquors, and for the suppression of the evils arising therefrom," it was not necessary that a house or place wherein spirituous liquors were sold or bartered, &c., without license, in a less quantity than a gallon, &c., should be kept in a disorderly manner, in order to make it a nuisance.

Information, under said act, alleging that the defendant, on, &c., at, &c., not being licensed to vend spirituous liquors by retail, did keep, &c., a certain house, wherein spirituous liquors were sold, &c., in less quantities, &c., in a disorderly manner, constituting a public nuisance, &c. The affidavit did not allege that the house was kept in a disorderly manner. *Held*, on motion to quash, that the variance was immaterial.

The 15th section of said act does not *limit* the provisions of the act, in regard to nuisances, to licensed houses, but *extends* them to such houses.

An information, under the R. S. 1852, for maintaining a nuisance, need not describe the precise locality of the nuisance.

Section 9 of the act for the punishment of misdemeanors, (2 R. S. 1852, p. 429,) allows the Court to order the removal of a nuisance or not, at its discretion; and, in case of such order, which must always be based upon the testimony given at the trial, the Court is competent to make the direction for its removal specific enough to guide the officer in the discharge of his duty.

A motion in arrest of judgment will not lie for the improper admission or exclusion of evidence nor for the improper giving or refusal of instructions.

APPEAL from the *Decatur* Court of Common Pleas.

GOOKINS, J.—This was a prosecution under the 17th section of the act of 1853, (p. 89,) on the subject of vending spirituous liquors. The defendant moved to quash the information. The motion was overruled, which is assigned for error.

The information states that the defendant, on, &c., at, &c., not being licensed to vend spirituous liquors by retail, did keep and maintain a certain house wherein spirituous liquors were sold on said day, in less quantities than one gallon, (not for medical purposes, &c.,) in a disorderly manner, constituting a public nuisance, &c.

An objection taken to the information is that it does not follow the affidavit. The only difference between the affidavit and the information is, that the former does not charge that the house was kept in a disorderly manner. That charge was unnecessary, and the affidavit and information would have been good without it. By the 17th section, all houses and places wherein spirituous liquors are sold or bartered, directly or indirectly, *without license*, in a less quantity than one gallon, are declared to be common and public nuisances. It is not necessary that they should be kept in a disorderly manner to make them such.

Another position assumed is, that no offence is charged, because the 15th section of the act limits its provisions, in regard to nuisances, to licensed houses. That section is as follows: "The provisions of this act in regard to disorderly houses, and their punishment as nuisances, and penalties against the keepers thereof, shall apply to persons to whom licenses to retail spirituous liquors shall have been legally granted, during the term for which they shall have been granted." The appellant supposes that this section limits the provisions of the act, in regard to nuisances, to licensed houses. We do not think it *limits*, but that it *extends* them to licensed houses. The 9th section declares that *all* places wherein spirituous liquors are retailed, if kept in a disorderly manner, shall be deemed common nuisances. The 17th section, as we have seen, declares them nuisances, without regard to the manner in which they are conducted, if unlicensed. There is a difference in the penalty in the two cases. If kept in a disorderly manner, the lowest fine is 25 dollars; if not, the fine may be as low as 10 dollars.

A further objection taken to the information is, that it does not point out the particular locality of the house in which the liquors were sold. This objection is founded on the 9th section of the act for the punishment of misdemeanors, (2 R. S. 1852, p. 429,) providing that on conviction of nuisance, the Court *may* order the nuisance to be removed. That is not a necessary part of the judgment. The Court may order its removal or not, at its discretion; and in case of such order, which must always be based upon the testimony given at the trial, the Court is competent to make the direction for its removal sufficiently specific to guide the officer in the discharge of his duty. A description of the precise locality is no necessary part of the information.

The motion to quash the information was correctly overruled.

Upon the plea of not guilty there was a verdict for the state, upon which the defendant moved in arrest of judgment, assigning as reasons therefor the improper admis-

sion and exclusion of evidence, and the improper giving and refusal of instructions. The motion was overruled, upon which the defendant tendered a bill of exceptions setting out the evidence and instructions. The reasons assigned would have been proper on a motion for a new trial, but they have nothing to do with a motion in arrest of judgment.

May Term,
1855.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Gavin* and *J. R. Coverdill*, for the appellant.

*M. J. Williams*, for the state.