May Term,
,1860.

CROMWELL
v.
LOWE.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*A. Ellison*, for the appellant.

*J. E. McDonald*, for the state.

(1) *Ante*, 120.

---

## CROMWELL and Another *v.* LOWE.

It does not follow as a consequence of the recovery of damages for a nuisance, that the nuisance shall be abated.

And where the suit was for damages, with a prayer for abatement, it seems that a verdict for damages, with special answers to interrogatories never propounded, intended as a basis for an order for the abatement, was not invalid on account of such special findings; but would support a judgment for damages, and the specific relief prayed.

Where the plaintiff averred title in the premises injured by an alleged nuisance, and the defendant answered by a denial, and the plaintiff offered his title-deeds in proof of the issue, it was held that the Common Pleas was ousted of jurisdiction.

*Friday,*
*June 1.*

APPEAL from the *Howard* Court of Common Pleas.

HANNA, J.—*Lowe* sued *Cromwell* for maintaining a dam across a certain stream below, and flowing the water back upon, lands of which he averred he was the owner and in possession, and that the same were greatly injured, and the

health of his family, also, injured and endangered by the
maintaining, &c.; and praying for the recovery of damages,
and that said dam might be abated as a nuisance.

Answer in denial.  Trial.  General verdict for the plain-
tiff for 27 dollars, and, also, certain special findings in the
form of answers to interrogatories; but no such questions
appear in the record, nor does it appear that the Court was
requested by either party to direct, or did direct, them to
find specially upon any particular questions.  Section 336,
2 R. S. p. 114.  Judgment for the amount found by the
jury, and also that the dam was a nuisance, and order that
it be abated.

It is insisted that the special findings were unauthorized
and erroneous, and could not be the foundation of the
judgment which followed.

The first clause of the statute above cited, provides that;
" In all actions, the jury, unless otherwise directed by the
Court, may, in their discretion, render a general or special
verdict."  The special findings may have been intended by
the jury, through abundant caution, to have been the basis
for a judgment by the Court upon that part of the prayer
of the complaint asking that the dam of the defendants
might be abated, &c.   Indeed it is contended by the de-
fendants, that the general verdict was not sufficient to au-
thorize an order abating, &c.   If this position is correct
(which we need not decide), then the jury might well return
a special verdict as to that branch of the case; providing a
general verdict could be returned as to a part, and a special
verdict as to the balance, or other parts, of the case.

In the case at bar, the plaintiff sought to. accomplish
two objects; first, to recover for an alleged damage to his
property, and also for injuries to himself and family, by
obstructing the free use of that property; and secondly, to
obtain an order for the removal of that which was alleged
to be the cause of the injury complained of.

It does not follow as a consequence of the recovery of
damages, that the subject of the action shall, therefore, be
abated, any more than an order to abate should follow a

May Term,
1860.

CROMWELL
v.
LOWE.

conviction on a criminal prosecution for a nuisance. 2 R. S. p. 429.—See *Howard* v. *The State*, 6 Ind. R. 446. This being so, there were really two branches to the case—one for money damages, the other for specific relief. It was decided by this Court, in the case above cited, that it was discretionary with the Court whether the removal of the nuisance should be ordered upon the evidence adduced on the trial. So, in civil cases, we suppose the Court might or might not make the order. The special findings of the jury, directed to the determination of facts necessary to be considered in that behalf, could do no harm, if they were not conclusive upon the Court—a question which we need not now determine.

As the special verdict was thus properly returned, the first branch, or response thereof, brings to our consideration, in a form not to be disregarded, a question which ousted the Common Pleas of jurisdiction.

The complaint, among other things, averred that the plaintiff was the owner of the real estate described, &c. The answer was a denial. A bill of exceptions shows that the plaintiff, as a part of his evidence, introduced his title-deeds. The first instruction to the jury was, that the plaintiff must show, by a preponderance of evidence, that he was the owner of the land, &c. The first point upon which a special finding was returned was, that the plaintiff was the owner of the land described.

Perhaps it was not necessary for the plaintiff to have averred title, &c., in himself, for the purpose herein sought to be accomplished. 3 Stark. Ev. p. 988.—2 Greenl. § 470. But see *Laughlin* v. *The President, &c.*, 6 Ind. R. 223. But having made the averment, followed it up by proof offered on the issue made thereon, sought an instruction and obtained a verdict directed to that point, we are not at liberty, as the evidence is not all in the record, to decide otherwise than that it was an issue, in the case at bar, material to the plaintiff. The Common Pleas could not try such an issue. 2 R. S. p. 18, § 11.—*The President, &c.*, v. *Brinkmeyer*, 12 Ind. R. 351.—*Harvey* v. *Dakin*, *id.* 481.

*Per Curiam.*— The judgment is reversed with costs. <span>May Term, 1860.</span>
Cause remanded, &c.

J. H. *Robinson* and H. P. *Biddle*, for the appellants.

H. A. *Brouse* and R. *Vaile*, for the appellee.