R. Hill, for the appellant.                                BUNTIN
S. Stansifer, for the appellee.                              v.
                                                           ROSE.

---

## BUNTIN v. ROSE.

Where interrogatories are propounded to a jury to be answered, which are
   pertinent to the issue, they can not be permitted to return for answer,
   that they "do not know."

APPEAL from the Vigo Common Pleas.                         Saturday,
                                                          June 1.
HANNA, J.—Rose sued Buntin for $100, averring that
in a settlement theretofore had between the parties a mis-
take had occurred, to that amount, in carrying forward a cer-
tain footing.   Answer: first, denial; second, setting up a
receipt given upon said settlement; third, that in said settle-
ment a certain other mistake occurred in another item of
said account, against the interest of said defendant, to the
amount of $139.

The record shows that as to this item there was evidence
given to sustain, and to disprove its correctness.

The jury found a general verdict for the plaintiff for $135,
being the $100 and interest; and as to special interrogatories
propounded to them upon the suggestion of defendant, in
reference to the correctness of the other item of mistake set
up by defendant, they responded to them, severally, that they ·
did not know.

The Court had instructed them that they should find upon
the interrogatories, as they were pertinent to the issues; but
had, at the request of the plaintiff, further instructed them,
that "if the evidence given to establish, or disprove, those
facts was evenly balanced, they might respond to the inter-
rogatories that they did not know, and still return a general
verdict;" and refused to instruct the jury, that "if there is any

evidence tending to prove, or disprove, the questions put to them, they must find upon them one way or the other, although the evidence is conflicting." Was the ruling of the Court correct?

Before the enactment of our statute, enabling a party to ask that a jury shall respond to interrogatories, it was difficult to have placed upon the record of a trial, the component parts of, or elements which entered into and formed, the verdict of a jury. This was felt, and considered as operating injuriously in many instances, because of the current of decisions in this Court for many years, to the effect that a verdict in a civil case should not be disturbed on the evidence, where there was proof tending to sustain it.

In the case at bar, the controversy does not appear to have been, whether the item sued upon was sustained by the evidence, as to the item set up in defense. It will be observed that the Court did not say to the jury, that the party setting up the claim must sustain it by a preponderance of evidence; but that where the evidence was balanced, they might refuse to answer the interrogatories; or, which is equivalent, answer that they did not know whether the set-off was made good or not. If they did not know this, how could they say that the defendant owed the plaintiff? Should the Court have compelled them to respond, or have refused to receive, or have set aside, the general verdict, because of their failure to answer? If the set-off had been the cause of action in an original suit, the plaintiff would have had to sustain it by a preponderance of evidence, or the jury should have found against him. So here, the party setting up the set-off should have thus sustained it; and if he did not, the Court should have said to the jury that it was their duty to find for the other party, as to that. If the practice is indulged of permitting juries to respond as in the case at bar, litigation would be much prolonged, to the great injury of suitors.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*J. P. Baird* and *E. E. Bassett*, for the appellant.

*J. P. Usher* and *C. Y. Patterson*, for the appellee.