## MAXWELL *v.* BOYNE.

NUISANCE.—*Mill Dam.*—*Interrogatories.*—In an action to recover damages for the erection and maintenance of a mill dam which caused the overflow of the plaintiff's land, and asking to have the same abated as a private nuisance, the court submitted an interrogatory to the jury as to the height of the dam at the time of the trial, and also an interrogatory whether the dam was higher at that time than it was when the mill property was sold by the plaintiff to the defendant's grantor. To both of these interrogatories the plaintiff objected.

*Held,* that the interrogatories were proper; that the answers might aid the court in determining whether the nuisance should be abated; but that the evidence on these points should not affect the question of the plaintiff's recovery of damages.

SAME.—*Judicial Discretion.*—The discretion resting in the court as to ordering the abatement of a private nuisance is a legal discretion, to be exercised affirmatively whenever the interests or happiness of individuals or the community may require it.

INTERROGATORIES TO JURY.—*Answers.*—The court instructed the jury that if there was such a want of evidence as to any fact to which an interrogatory was directed that they could not determine the affirmative or negative, they should so answer.

*Held,* that the instruction was erroneous; that if there was evidence on the subject, the jury must determine or disagree.

APPEAL from the Rush Circuit Court.

BUSKIRK, J.—This was an action by appellant against the appellee to recover damages for the erection and maintenance of a private nuisance, and to cause the abatement thereof.

The complaint alleges, in substance, that the plaintiff, in 1839, by deed of that date, authorized and permitted Jesse and Aaron Heacock and their assigns to erect and maintain, across Blue river, a mill dam of a certain height; that subsequently the plaintiff became, by purchase and conveyance, the owner of the said mill and the land on which the same was situate, and afterward sold and conveyed the same, subject to the water and mill privileges previously granted by him and as they then existed; that the defendant had become the owner in fee of the said land, mill, and privileges, and that he and others, through whom he claimed title, had, without the consent and over the objection of plaintiff, made

the said dam fourteen inches higher than it was when he conveyed the same; and that by reason of such increased height the back-water from the said dam had overflowed the lands of him, the said plaintiff.

The prayer of the complaint was, that he should recover damages in the sum of three thousand dollars, and that the said dam should be reduced to the height that it was when he had conveyed the same.

The defendant answered by a general denial. The cause was tried by a jury, resulting in a general verdict for the defendant. The court submitted to the jury the following interrogatories, namely:

" 1. What was the height of the dam at the time Maxwell sold the mill property to Randolph?"

" 2. What was the height of the dam at the time of the commencement of this suit, September 10th, 1867?"

" 3. What is the height of the dam now?"

"4. Is the dam higher now than when the mill property was sold by Maxwell to Randolph, and if so, how much?"

To the first interrogatory the jury answered: "Evidence is not sufficient to establish the height."

The answer to the second was: "Eight feet, one inch, and five-eighths of an inch."

To the third the answer was: "Seventy-nine inches."

To the fourth the jury answered: "Evidence is not sufficient to show."

The appellant objected to the giving of the third and fourth interrogatories to the jury, but the objection was overruled, and the appellant excepted and presents the exception by a bill of exceptions.

The court thereupon charged the jury as to how they should answer said interrogatories, as follows: "You are required to answer the following interrogatories:" (Those given above.) "In answering these interrogatories you will be governed by the evidence. As a fair preponderance may show the fact to be, such will be your answer to each of these interrogatories. If as to any of them there is such

want of evidence that you cannot determine either the affirmative or the negative, you would answer to that effect. In such a case, a proper form of answer would be, 'the evidence is not sufficient,' or 'will not enable us to determine.'" To which charge of the court the appellant excepted, and presents the exception by bill of exceptions.

The appellant moved the court for a new trial, which was overruled, and an exception was taken. The court then rendered final judgment for the defendant.

The motion for a new trial was in these words, namely:

1. "Because the plaintiff was surprised by the evidence of defendant's witnesses, Benjamin Nixon and Samuel Carr, in reference to the height of the dam at the time of the trial, which ordinary prudence could not have guarded against."

2. "Because the special findings of the jury, in answer to the interrogatories presented to them are not sustained by evidence, and are contrary to law."

3. "Because the general verdict of the jury is not sustained by sufficient evidence."

4. "Because the general verdict of the jury is contrary to law."

5. "Because the plaintiff has discovered new and material evidence, since the trial of this cause, which could not, with reasonable diligence, have been discovered and produced at the trial."

6. "Error of law occurring at the trial and excepted to by the party making the application."

7. "Because the court erred in allowing evidence of the height of the dam after the commencement of the action, and a measurement taken when the trial was in progress, to go to the jury. Objected to. Excepted to by the plaintiff at the proper time."

8. "Because the court erred in allowing the third interrogatory to be propounded to the jury. Objected to. Excepted to by the plaintiff at the proper time."

9. "Because the court erred in allowing the fourth inter-

Maxwell *v.* Boyne.

rogatory to be propounded to the jury. Objected to, and excepted to at the proper time by plaintiff."

10. "Because the court erred in charging the jury, that if they could not determine from the evidence either in the affirmative or the negative, in answering the interrogatories presented to them, they could answer, 'The evidence is not sufficient to determine.' Objected to, and excepted to at the proper time by the plaintiff."

11. "Because the court erred in receiving the verdict and discharging the jury without an answer, except that 'the evidence was not sufficient,' to the first and fourth interrogatories propounded to the jury. Objected to, and excepted to at the proper time by the plaintiff."

There is an assignment of error upon each cause for a new trial, with an additional one for the error of the court in overruling the motion for a new trial. The conclusion to which we have come renders it unnecessary for us to examine any of the questions presented but those based on the first, tenth, and eleventh reasons for a new trial.

The first error relied upon is based upon the action of the court in admitting evidence as to the height and condition of the dam at the time of the trial, and in submitting to the jury interrogatories three and four, which were based on the testimony of such witnesses.

This action was commenced in Sept., 1867, and was tried in April, 1868. For the erection and maintenance of a nuisance, a person injured thereby may institute and maintain an action for each day that it may be maintained, but he can only recover for such damages as he had sustained prior to the commencement of the action, and a judgment would be a bar to any action for an injury sustained prior to such recovery. Nor could a plaintiff in such action recover for any damage that he might sustain between the bringing of the action and the time of recovery. Nor could defendant defeat the right of the plaintiff to recover for injuries sustained prior to the commencement of the action by proving that the nuisance had been abated subsequent to the

bringing of the suit, or diminish the amount of the recovery by proving, as in a case like this, that the dam had been lowered, and that in consequence thereof, the plaintiff would in the future sustain less injury. The evidence which was admitted to show the height of the dam at the time of the trial was not admissible, either to defeat the right of the plaintiff to recover, or to diminish the amount of his recovery.

But in the case under consideration, the plaintiff sought to accomplish two objects: first, to recover for an alleged damage to his property; and secondly, to obtain an order for the abatement of the nuisance complained of.

The case of *Cromwell* v. *Lowe*, 14 Ind. 234, is analogous to this. That was an action to recover damages for the erection of a dam by which the lands of the plaintiff were overflowed. In that case, as in this, the plaintiff not only sought to recover damages, but also an abatement of the nuisance. In that, as in this, evidence was admitted as to the height and condition of the dam at the time of the trial, and the jury found specially in reference thereto. In that case the court say: "It does not follow as a consequence of the recovery of damages, that the subject of the action shall, therefore, be abated, any more than an order to abate should follow a conviction on a criminal prosecution for a nuisance. 2 R. S. 429; *Howard* v. *The State*, 6 Ind. 446. This being so, there were really two branches to the case; the one for money damages, the other for specific relief. It was decided by this court, in the case above cited, that it was discretionary with the court whether the removal of the nuisance should be ordered upon the evidence adduced on the trial. So, in civil cases, we suppose the court might or might not make the order. The special findings of the jury, directed to the determination of facts necessary to be considered in that behalf, could do no harm, if they were not conclusive upon the court, a question which we need not now determine."

We are of the opinion that the evidence complained of was properly admitted to aid the court in determining whether

an order should be made to abate the nuisance. An order for the abatement of a nuisance does not necessarily follow a conviction in a criminal case, or a verdict and judgment for damages in a civil suit, but we do not consider it a matter of discretion in the court. It was said by this court in *Cromwell* v *Lowe, supra,* "So, in civil cases, we suppose the court might or might not make the order." If it was intended by the words "might or might not" to convey the impression that it was a matter purely within the discretion of the court, it does not meet with our approval, and as to that point is overruled, but if it was intended to hold that the court might or might not make the order according to whether the facts in the case might or might not justify and require such order, then it meets with our entire approval; for we hold that it is the duty of the court to make the order whenever the interest and happiness of individuals or the community may require such nuisance to be abated in whole or in part.

Although this was evidence admissible for the purpose above indicated, and adduced before and in the hearing of the jury, it was not competent for them to consider it in determining the right of the plaintiff to recover, or the measure of his damages. In all such cases, the court should inform the jury of the purpose for which the evidence was admitted, and should instruct them to only consider it in reference to such questions as might be submitted to them to aid the court in determining whether the nuisance should be abated. Where this is not done, it may injuriously affect the rights of the parties.

The court committed no error in admitting the evidence complained of, and it necessarily results that there was no error in submitting to the jury interrogatories three and four, as they were based upon such evidence.

The next error assigned is based upon the instruction of the court to the jury as to their duty in answering the interrogatories. The first part of the instruction was clearly right, and no objection has been urged to that part of the charge. The portion complained of is in these words:

" If as to any of them there is such a want of evidence that you cannot determine either the affirmative or negative, you would answer to that effect.  In such a case a proper form of answer would be, 'the evidence is not sufficient' or 'will not enable us to determine.' "

It was as much the duty of the jury to answer the interrogations according to the preponderance of the testimony, as it was to render a general verdict.  If there was no evidence on the subject embraced in the interrogatory, then the jury might have answered, there is no evidence; but where there was some evidence, it was the duty of the jury to consider, weigh, and determine on which side was the preponderance.  If the evidence was so evenly balanced that there was no preponderance on either side, then they should have found against the party upon whom the burden of the issue was, upon the point involved in the interrogatory.  A jury should give to every cause submitted to them the most patient, careful, and deliberate consideration; they should not act hastily or jump at conclusions; they should consider and weigh the evidence; they should patiently and attentively listen to the argument of counsel and duly consider the same in consultation; they should apply to the facts as found by them, the law as given to them by the court; and when they have done these things, the law, public policy, and their oaths alike impose upon them the imperative duty of deciding according to the preponderance of the testimony.  The public, as well as the parties litigant, are interested in the prompt and speedy administration of justice, and in the prevention of the prolongation of litigation.  Juries are, frequently, too much inclined to become stubborn and antagonize each other, and to wrangle and disagree.  Such juries might regard the instruction under consideration as an invitation to disagree, or an excuse for not answering the interrogatories.  It is true, that a jury may be unable to agree upon the answer to an interrogatory, as they are upon a general or special verdict; when such is the case, they should report to the court the fact of their dis-

agreement, when the instruction of the court may aid them, or the agreement or concessions of counsel may relieve them of the duty of further considering the question upon which they disagreed. But if they are unable to agree, the court should discharge the jury and award a *venire de novo.*

The case of *Buntin* v. *Rose,* 16 Ind. 209, is directly in point, and strongly supports the views we have expressed. In that case the court had instructed the jury that they should find upon the interrogatories, as they were pertinent to the issues, but had, at the· request of the plaintiff, further instructed them, that " if the evidence given to establish or disprove these facts were evenly balanced, they might respond to the interrogatories that they did not know, and still return a general verdict," and refused to instruct the jury, that " if there is any evidence tending to prove or disprove the questions put to them, they must find upon them one way or the other, although the evidence is conflicting."

This court held that the court below erred in refusing to instruct as requested. We approve of the ruling in that case. We think the court erred in giving that portion of the instruction complained of.

The appellant objected to the ·discharge of the jury, and asked the court to require them to give full and responsive answers to the interrogatories submitted; but the court overruled the motion and discharged the jury, to which the appellant excepted, and this is assigned for error.

It is the duty of the court only to submit to the jury such interrogatories as are pertinent.to, and cover the issues, or some one of them, involved in the cause. If interrogatories are prepared by counsel and submitted to the court, which are not pertinent to the issues, or not in proper form, the court may alter and change them, or may prepare others; but when interrogatories are submitted to a jury that are pertinent to, and embrace the issues, the parties, and each of them have the plain and undeniable right to have plain, full, and responsive answers.; and either party may demand of the court that the verdict be not received, and that the

jury be kept together and directed to answer fully.    See *Allen* v. *Davison,* 16 Ind. 416 ; *Ellston* v. *Scott,* 19 Ind. 290; *Buntin* v. *Rose, supra* ; *Noble* v. *Enos,* 19 Ind. 72 ; *Noakes* v. *Morey,* 30 Ind. 103.

The answers to the first and fourth interrogatories were not full and responsive.    The court erred in receiving the verdict, and discharging the jury.    Several other errors were assigned and have been discussed, but as they relate to matters occurring on the trial that are not likely to occur again, we will not consider them.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

*A. B. Campbell,* for appellant.

*L. Sexton, J. H. Mellett,* and *M. E. Forkner,* for appellee.