No. 9107.

## WILLIAMSON ET AL. *v.* YINGLING ET AL.

PLEADING.— *Uncertainty.*—Uncertainty in a pleading is not reached by a demurrer.

SAME.— *Prayer for Relief.*—That a complaint prays relief beyond what the facts alleged will warrant, is not available on demurrer.

SAME.— *Harmless Error.*—A paragraph of answer, the allegations of which may be proved under another upon which issue is joined, can not give rise to available error against a defendant by reason of any ruling upon demurrer to the reply thereto.

WATERCOURSE.— *License to Obstruct Flow.*— *Revocation.*— *Mills.*—A parol license, given without consideration, to obstruct the flow of water in a stream so as to set it back upon the mill machinery of another, may be revoked at any time before it is acted upon.

SAME.— *Nuisance.*— *Abatement.*— *Mill-Dam.*—In a suit for damages because of back-water caused by the defendant's dam, where the plaintiff recovers, a judgment abating the nuisance is proper, where the finding shows a proper case.

WITNESS.— *Examination of.*— *Discretion.*— *Practice.*—That a witness was recalled by the plaintiff in rebuttal and permitted to repeat his evidence given in the opening, is not available error, unless it clearly appears that there was an abuse of discretion in allowing it.

INSTRUCTIONS.— *Repetition.*—It is not error to refuse to give, in another form, instructions which the court has once given.

From the Delaware Circuit Court.

*W. March, C. E. Shipley, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels,* for appellants. *J. S. Buckles* and *J. W. Ryan,* for appellees.

BEST, C.—The following opinion, prepared by Judge MORRIS while commissioner, is adopted as the opinion of the court in this case:

This suit was brought by the appellees against the appellants to recover damages for backing water upon their mill wheels.

The complaint states that the appellees were the owners, since 1865, of a tract of land in Delaware county, which is particularly described, and upon which there was situate a saw mill and a woollen mill; that they and their grantors

had owned and operated said mills continuously for thirty years, at a profit of $25 per day, until interfered with by the appellants.  It is further stated that, as appurtenant to said mills and real estate, the appellees had the right and privilege to such an outflow of water from their said mills as would keep free from back-water and in perfect action the wheels that turned and put in motion the machinery of said mills; that in April, 1865, the appellants purchased a mill, mill site and privilege, situate on Buck creek, below the appellees' mills; that they and their grantors made such purchase with the condition in their deed that they were not so to use the same as to interfere with the privilege of the appellees on the creek above, and particularly so as not to back the water on the wheels of the appellees' mills; that on the 1st day of January, 1878, the appellants, without license of the appellees, unlawfully *raised* their dam on said creek to such a height as to flow the water back on the wheels of the appellees' mills, so as to destroy their power and stop said mills; that they continued to flow the water back on the appellees' mills until the commencement of this suit, to their damage, etc.

The prayer asks damages and that the appellants' mill-dam be abated so as not to back the water upon the wheels of the appellees' mills.

The appellants demurred to the complaint.  The demurrer was overruled.  They then answered in eight paragraphs.

The appellees replied to the answer by a general denial. They also replied specially to the second, third, fourth and fifth paragraphs of the answer, to which the appellants demurred.  The demurrer was overruled.

The cause was submitted to a jury, who returned a verdict for the appellees.  The appellants filed a written motion for a new trial, which was also overruled.

Judgment was rendered for the appellees for the damages assessed by the jury.  The court, also, at the instance of the appellees, adjudged that the dam of the appellants was nine inches higher in the lowest place than they are entitled to

maintain it, and that the same be abated to the proper height by reducing it nine inches. The sheriff was charged with the execution of this order. The appellants moved the court to strike out so much of the judgment as ordered their dam to be abated. This motion was also overruled.

The appellants assign, as errors, the rulings of the court upon their demurrer to the complaint, their demurrer to the second paragraph of the reply, the overruling of their motion for a new trial and their motion to modify the judgment.

The appellants, in support of their demurrer to the complaint, say: "In respect of several essential matters of fact, this complaint is very vague and uncertain. It does not show, except by inference, that the appellees' mills were situate on Buck creek. That creek is referred to in the description of plaintiffs' land on which their mills stood, and it is averred that defendants' mill was situated on Buck creek below plaintiffs'. It does not show where or how plaintiffs' mills were situate, nor the distance between them and defendants' dam, nor the height to which defendants raised their dam on the 1st day of January, 1878, nor the excess of height over that at which defendants were entitled to maintain it."

If the complaint was uncertain and indefinite as to the points suggested, the appellants might, if they deemed it necessary, have caused the uncertainties to be removed by a motion to make the complaint more specific and definite. No such motion was made, and they probably were neither injured nor misled by the want of certainty in the complaint. Such defects can not be reached by demurrer. *Snowden* v. *Wilas,* 19 Ind. 10; *Lewis* v. *Edwards,* 44 Ind. 333; *Tousey* v. *Bell,* 23 Ind. 423.

If it is certainly, though argumentatively and inferentially, alleged in the complaint that the appellees' mills were situated on Buck creek, it is sufficient, when the pleading is tested by demurrer. *Judah* v. *Trustees,* 23 Ind. 272; *Bell* v. *Eaton,* 28 Ind. 468.

It is also said that as the complaint prayed for an abatement of the appellants' dam, as well as for a judgment for damages, the demurrer should have been sustained, because the facts stated in the complaint were not sufficient to authorize the abatement of the dam.

If the facts stated in the complaint were sufficient to entitle the appellees to a judgment for damages, though not sufficient to entitle them to have the dam abated, the demurrer should have been overruled. If, upon the facts stated in the complaint, the appellees were entitled to any relief, though not to the entire relief asked, the demurrer was rightly overruled. A party can not, under the code, as a general rule, demur to a part of a complaint consisting of one paragraph.

The appellants say that there is no averment in the complaint that the appellant's dam was so high as to throw the water back along the channel of the creek beyond the line of their land; that they had a right to throw it back that far. It is true, that it is not directly alleged that the water was thrown back beyond the line of the appellants' land, but it is averred that the appellee's mills were located on their land described in the complaint; that their mills were above the appellants' mills and that the appellants backed the water up to and upon the appellees' mill wheels. It follows irresistibly from these facts, that the appellants did cause the water to flow back beyond the line of their land. The argument must be regarded, as it is said in the case of *Bell* v. *Eaton, supra*, as so conclusive, when tested by a demurrer, as to amount to an express allegation of the fact.

The averment in the complaint is that appellants backed the water upon the wheels of the appellees' mills so as to destroy their power. The question upon the demurrer is not as to the character of the proof that would be necessary to support this averment, but whether, if true, the appellants are liable. It may be that to establish the averment the appellees would have to prove that the appellants backed the water in the stream beyond their land; that the appellees could not

avail themselves of any fall in the stream below the line of their own land, but this is not, as before remarked, the question presented by the demurrer. We think, under this averment of the complaint, it would have been competent for the appellees to support it by proof that the appellants threw the water back in the channel of the stream beyond their land and on to the wheels of the appellees' mill, and that, therefore, the complaint contains a good cause of action. We think there was no error in overruling the demurrer to it.

The appellants contend that the court erred in overruling their demurrer to the second paragraph of the reply to the second, third, fourth and fifth paragraphs of their answer.

The second paragraph of the answer states that before the committing of the supposed grievance in the complaint mentioned, the dam was built to the height at which it stood at the time of the alleged injuries, under the license of one Petty, then the owner of the plaintiffs' land and mills, from whom the plaintiffs derived title; that in erecting the dam the appellants expended $1,000, and that the injuries complained of resulted from such erection under such license, and not otherwise.

The third paragraph of the answer is the same as the second, except that it avers that the dam was built by one Koontz, a former owner of the defendants' mill, under a license from Petty, then the owner of the plaintiffs' mills.

The fourth and fifth paragraphs are the same, except that they allege that the dam was built by other former owners of defendants' mills, under a license from the plaintiffs.

The second paragraph of the reply to these four paragraphs of the answer states that before the raising of the dam and the increasing of the height of the same by the defendants and their grantors, " as alleged in the complaint, whereby said several injuries, grievances, backing of water," etc., " upon the plaintiffs' mill-wheels," etc., " were caused as charged in the complaint, and before the said defendants or their said grantors, as alleged in said several paragraphs of said answer, had, either or

any of them, invested said sum of $1,000, or any other amount, in raising said dam above its proper height to the height at which it was at the time of the committing of said grievances, the several leaves and licenses averred to have been given, in said paragraphs of said answer, were severally revoked, rescinded and annulled."

The wrong alleged in the complaint was not the erection of the dam ; it was the raising of the dam in 1878, that is averred to have caused the injury to the appellees' mills, for which they sue. If the second, third, fourth and fifth paragraphs of the answer, or any of them, may be construed as admitting that the dam had been raised as charged, but as justifying the act by the license of the appellees or their grantors, then such answer would present a good bar to the action. But, if thus construed, the reply is good, for it avers that before any sum had been expended by the appellants in raising the dam, etc., the appellees had revoked the license. As there was no consideration alleged to have been paid for the license, it was competent for the appellees to revoke it at any time before it had been acted upon by the appellants.

If the several paragraphs of the answer under consideration neither denied nor confessed and avoided the allegation in the complaint, that the lower dam had been raised and its height increased, they were clearly bad, and the reply, though also bad, was sufficient for the answer. But if, as we think these paragraphs do, they argumentatively and inferentially deny that the dam had been raised as charged in the complaint, they were good as argumentative denials of a material part of the complaint. It may be inferred that if the lower dam had been constructed by the grantors of the appellants in 1865, and that it had been continued from that time until the commencement of the suit at the same height it had been maintained, it could not have been raised in 1878 by the appellants, as charged in the complaint. This would have been an argumentative denial of a material averment in the complaint. But the general denial had been pleaded, so that the

ruling upon the demurrer could not injure the appellants.
There was no available error in overruling the demurrer to
the second paragraph of the reply.

The appellants insist that the court erred in overruling their
motion for a new trial, because the court permitted the ap-
pellees, after the appellants had closed their testimony, to re-
call some of their witnesses to testify to matters in rebuttal, to
which they had substantially testified in chief. As such mat-
ters are largely within the discretion of the trial court its ac-
tion will not be reviewed by this court, unless a clear abuse
of discretion is shown. We can not say, from the record, that
there was such abuse in this case.

It is also insisted that the court erred in refusing to give
to the jury the following instructions asked by the appellants:

"1. Julia Williamson, one of the defendants, if she is the
owner of the premises, including the mill-dam, which is alleged
to have caused the back-water complained of, can not in any
event be held for damages suffered at a time when she was
not the owner of the property nor herself controlling it.

"2. Jesse H. Williamson, one of the defendants, can not be
held liable for injuries suffered by the plaintiffs at a time
when he was neither owner nor occupant of the premises and
mill-dam from which the injuries proceeded, nor controlling
those premises nor that dam.

"3. The plaintiffs can not recover for any injuries suffered
by them more than six years before the commencement of
this suit.

"4. The deed read in evidence, bearing date April 15th,
1857, from O. H. Smith to M. C. Smith and J. H. Koontz
for the premises now held by the defendants, was a deed to
which the plaintiffs were not and are not either parties or
privies, and they are not entitled to any benefit or privilege
under or in virtue of any stipulation in it."

Assuming the first three of the above instructions to be
the law, we think they were, so far as applicable to the evi-

dence in the case, contained, substantially, in the instructions given by the court.

In the first instruction given by the court, the jury are told that the appellees, under their complaint, only seek to recover damages from the first day of January, 1878, up to the 11th day of November, 1878. The testimony shows that from January 1st, 1878, until the 11th day of November, 1878, when this suit was commenced, the appellants were occupying and controlling the lower mill. This instruction informed the jury with unmistakable clearness, that no damages which had been occasioned by backing water upon the wheels of appellees' mills, prior to January 1st, 1878, could be recovered. It told the jury as clearly as did the third instruction asked by the appellants, that no damages, which had not been occasioned within six years before the commencement of the suit, could be recovered. In view of the evidence, it also excluded the recovery of any damages that might have been caused, when the appellants or either of them were not occupying and controlling the lower mill. There was, therefore, no error in refusing to give the first, second and third charges asked by the appellants.

It appeared from the evidence that Oliver H. Smith was the original owner of both mill sites; that he had improved the upper site by erecting mills thereon, and that, on the 5th of June, 1854, he and his wife conveyed to their son Marcus C. Smith, through whom the appellees derive title. Having also improved the lower mill site, O. H. Smith and wife, on the 15th day of April, 1857, conveyed it to said Marcus C. Smith and Jacob Koontz, from whom the appellants derive title to the lower mill. The conveyance to Smith and Koontz contains the following provision:

" With the right to keep up and maintain the mill dam at its present height, so as not to back the water on the wheels of the mills of William Petty above on the creek."

We think the instruction asked by the appellants as to the effect and meaning of the above clause, in the deed of O. H.

Smith to M. C. Smith and Jacob Koontz was clearly the law. The question was as to the right of the appellees. The restriction or limitation in the deed to M. C. Smith and Jacob Koontz could not create or enlarge the rights of the appellees. It was, therefore, proper that the jury should be instructed, as requested, that the appellees were "not entitled to any benefit or privilege under or in virtue of any stipulation contained in said deed."

This the appellees admit, but they insist that the charge asked by the appellants was substantially given by the court, and that, therefore, there was no error in refusing to give the charge asked by the appellants.

The court charged the jury that the appellees were entitled to just such rights, as owners of the upper mill, as were conveyed by O. H. Smith and wife, the original owners, to M. C. Smith; that the appellants, as owners of the lower mill, had such rights as Oliver H. Smith had in said mill privilege at the time he conveyed to Marcus C. Smith and Jacob Koontz, and had the right to use and enjoy it as fully as Oliver H. Smith at the time he conveyed had the right to use and enjoy the same. These instructions embraced and fairly stated the law upon the subject to which the fourth charge asked by the appellants related. There was therefore no error in refusing this charge.

The motion for a new trial contained some more than fifty reasons, but we have noticed all of them which are discussed by the appellants. The others must be regarded as waived.

At the proper time the appellants moved the court to strike out so much of the judgment as directed the reduction of the height of the appellants' dam. This motion was overruled, and the ruling of the court is assigned as error.

The appellants insist that the court erred in ordering their dam to be reduced nine inches in height, because the actual height of the dam is not alleged in the complaint, nor how much it was in excess of the height to which they had a right to raise it.

Williamson *et al. v.* Yingling *et al.*

The statute provides that "an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action."

It is also provided that "Where a proper case is made, the nuisance may be enjoined or abated, and damages recovered therefor." 2 R. S. 1876, pp. 258 and 259.

In this case, the complaint prayed for an abatement of the height of the appellants' dam, so that the same should not obstruct the action of the plaintiffs' mill-wheels by backing the water upon them.

The jury, in answer to an interrogatory properly submitted to them, found that, at the time of the trial, the appellants' dam backed the water upon the appellees' mill-wheels to the height of nine inches. They also found that the appellants' dam backed the water upon the appellees' mill-wheels from the 1st of January, 1878, to the 11th of November, 1878, to the height of eighteen inches.

These findings constituted a sufficient basis, we think, for the order of the court reducing the height of the appellants' dam nine inches. *Howard* v. *State*, 6 Ind. 444; *Cromwell* v. *Lowe*, 14 Ind. 234; *McLaughlin* v. *State*, 45 Ind. 338; *Maxwell* v. *Boyne*, 36 Ind. 120.

Our code, which provides that the jury shall answer interrogatories as to the facts, differs from that of Kentucky, and hence we do not regard the case of *Tye* v. *Catching*, 78 Ky. 463, the only case referred to by the appellants, as at all controlling.

We conclude that there is no available error in the record, and that the judgment below should be affirmed. See *Williamson* v. *Yingling*, 80 Ind. 379.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.

Filed Jan. 11, 1884.