OTTO MENNE, Respondent, v. GOTTLIEB NEUMEISTER,
Appellant.

St. Louis Court of Appeals, April 5, 1887.

1.  PRACTICE—JURY—SPECIAL ISSUES.—That special issues submitted
to a jury, and answered by them in writing, are not signed by the
foreman, does not necessarily vitiate their general verdict which
is properly signed.

2.  ——— In such a case, where it appears that the parties to the
action were in court when the verdict was returned, and raised no
objections, its informality will be deemed to have been waived.

3.  CONTRACTS, BUILDING.—The omission, by consent of the parties
thereto, of some of the items in a building contract, does not
amount to an abandonment of the entire contract, the residue of
which will remain in full force.

4.  ——— ALTERATION OF—.In a suit upon contract, a party can not
complain of verbal or literal alterations made, when he does not
charge that such alterations were made without the knowledge or
consent of the adverse party.

APPEAL from the St. Louis Circuit Court, DANIEL
DILLON, Judge.

*Affirmed.*

ED. L. GOTTSCHALK, for the appellant: The answers
to the special issues are not signed by the foreman or by
any other person. Sess. Acts, 1885, pp. 213, 214; *Sage
v. Brown*, 34 Ind. 469.

A. R. TAYLOR, for the respondent.

LEWIS, P. J., delivered the opinion of the court.
On April 10, 1885, the defendant offered, and the
plaintiff accepted, a written proposal to furnish all labor
and materials for a two story brick building, according
to plans and specifications, for the sum of $3,082. The
plaintiff charges that the defendant, in building the
house, committed sundry breaches of the contract, by

departures from the specifications, for which he asks damages in the sum of $1,325. In a second count, the petition alleges that the plaintiff, through a mistake of fact, has paid to the defendant an excess of five hundred dollars over what was actually due him, for which also he asks judgment. A jury found for the plaintiff fifty dollars on the first count, and for the defendant on the second. The defendant appeals.

The answer, after a general denial, avers that the defendant's bid, as originally written, was for the sum of $3,782, but that, after its delivery to the plaintiff, the figure seven was erased and the figure zero substituted, without the defendant's knowledge or consent. It is further averred that, at the time of the making of the contract, it was agreed between the plaintiff and the defendant that the specifications should be changed in certain particulars; whereby, instead of using new brick throughout, there should be used old or second hand brick in certain described parts of the work; and the excavating, instead of being done by the defendant, was to be done by the plaintiff. It is denied that the plaintiff has paid the contract price, or any excess, as alleged, and averred that the defendant has on his part fully performed his contract.

Upon the defendant's request, the following special interrogatories were submitted to the jury. Their answers were written on the same paper and following the interrogatories, respectively, as here transcribed:

"1. State whether or no the written bid of the defendant, Neumeister, of April 10, 1885, was, after its execution by Neumeister, and acceptance by Menne, changed or altered without the consent and knowledge of the defendant, Neumeister, by inserting in said bid the figure 'zero' in place of another figure, which was where the figure 'zero' now is, in the figures 3,082? Ans. No change."

"2. State whether or no the specifications, offered in evidence by the plaintiff, were, by mutual consent of the plaintiff and the defendant, changed or altered as to

any material part of the same? Ans. There was a change.''

''3. . State whether or no the defendant, Neumeister, has complied with the plans and specifications agreed upon for the erection of said building? Ans. He has not.''

''4. State whether the plaintiff has sustained damages by reason of the alleged failure on the part of the defendant to comply with the specifications, as alleged in the plaintiff's petition? And if so, state the total amount. Ans. Fifty dollars.''

''5. What is the aggregate amount of all the payments made by the plaintiff to the defendant on account of the erection of the house in question? Ans. Twenty-six hundred and ten dollars ($2,610).''

The general verdict was duly signed by the foreman of the jury, but no signature was attached to the special findings. The defendant claims that this omission constituted reversible error. The statute directs that "the verdict of the jury, as well as any special findings, shall be reduced to writing and signed and returned into court by the foreman." Sess. Acts, 1885, p. 213. In Indiana, where a statute similar to ours prevails, it has been held that the omission of the foreman's signature to the special findings is fatal. *Sage v. Brown*, 34 Ind. 469. But the facts in that case were somewhat peculiar, and should hardly furnish a rule for this occasion. The court remarked: "It was the province of either party to demand that the special verdict should be properly signed, and that the questions should be answered; and upon such demand being made, it was the duty of the court to keep the jury together until the interrogatories were fully answered, and the answers thereto properly signed by the foreman;" and then added: "But in this case, this course was rendered impossible by the action of the parties and the court, in consenting that the jury might seal up their verdict and deliver it to the clerk, who afterwards published it in court. The agree-

ment did not say in express terms that the jury might separate after they had delivered their verdict to the clerk, but this may be inferred. The jury seemed to so understand the agreement, for they did separate, and were not in court when the verdict was returned." From all this it is inferable that, but for the impossibility of any objection from either party to the want of a signature, before the separation of the jury, the defect would have been considered as waived by the failure of either party to demand a signing. This, we think, is a correct view of the situation. In the case before us, the record shows that the "general verdict and special findings were read by the clerk of the court in full, and at length, to the jury, and the jury were asked if the general verdict was their verdict, and if each of the special findings was their finding; and the jury in open court said that the general verdict was their general verdict, and each of the special findings was their special finding and special verdict upon the said special issues." If this effectual authentication of the verdict was not then satisfactory to either party, it was his duty to object on the spot, while it was possible for the omission to be supplied before the dispersion of the jury. By the defendant's silence at the only time when it was possible to correct the informality, he must be deemed to have waived it. The objection was first offered in the motion for a new trial. The foreman's signature is a mere element in the formal authentication of the verdict. The statute requiring it must, in the circumstances of this case, be regarded as directory only, and not mandatory, or as prescribing an essential to the validity of the pro.-ceeding.

The court gave for the plaintiff the following instruction :

" The court instructs the jury, that if they believe, from the evidence, that the defendant signed and delivered the contract read in evidence, of date April 10, 1885, and that the plaintiff, Otto Menne, accepted the

said contract, and that the defendant, Neumeister, did not perform the said contract according to the plans and specifications; as to the bricks on the side walls; laying of the front wall with white sand mortar; the placing of the roof-joists; the making of the skylight; the making of the excavation for the foundation; the removing of the dirt and rubbish from the said building; and if the jury believe, from the evidence, that the defendant has been paid by the plaintiff more than the full contract price for all the work done on the said building, then the plaintiff is entitled to recover the damages sustained by him, by reason of the failure of the defendant to perform the said contract, as to the above mentioned items."

We do not find this instruction open to the defendant's objection that it assumes facts which were not in proof. Further objections urged against it may be considered in connection with the court's refusal to instruct for the defendant as follows:

"4. Although the jury may believe, from the evidence, that the defendant, Neumeister, in the erection of the building in question, did not comply with the specifications according to which the said building was to be erected, and although the jury may believe that the plaintiff, Menne, made all the payments set forth in the petition, still if the jury are also satisfied, from the evidence, that the written bid read in evidence was changed and altered, as mentioned in instructions one and two given for the defendant, then the jury will, nevertheless, give a verdict for the defendant."

"7. If the jury believe, from the evidence, that the specifications, offered in evidence by the plaintiff, were not the specifications according to which the house in question was to be erected by the defendant, but that the same were altered and changed, in any material part, by mutual consent of the plaintiff and the defendant, and that the house was to be erected according to such changed or altered specifications, then the jury will find

for the defendant, although the jury should also believe that the defendant, Neumeister, did not comply with such specifications as changed or altered."

The "instructions one and two given for the defendant," as mentioned in the refused fourth instruction, were as follows :

"If the jury believe, from the evidence, that the house in question was to be built by the defendant, Neumeister, according to specifications other than, and in any material part different from, the specifications offered in evidence by the plaintiff, the jury will find for the defendant on the first count in the plaintiff's petition."

"It is insisted by the plaintiff and denied by the defendant that the specifications, read in evidence by the plaintiff, are a correct copy of the original specifications adopted by the plaintiff and the defendant for the erection of the plaintiff's house, and it is a question for the jury to decide whether the specifications offered in evidence are such correct copy, and also whether the original specifications were altered or changed by mutual consent of the plaintiff and the defendant."

The defendant here holds to the idea that if, in a suit on a written contract, it appear that some of the original terms were, by mutual consent of the parties, departed from in the performance, there can be no recovery on the contract. Such is not the law. The party charged is simply released from his obligation to perform the modified terms in their original shape, but the rest of the contract will still be subject to enforcement as if no modification had intervened. Such was the theory upon which the court properly acted, in dealing with the instructions.

Some instructions were refused to the defendant, having reference to the alleged erasure and substitution of figures in the original bid. These instructions were objectionable, in that they ignored any possible connec-

tion of the plaintiff with the supposed alterations, and authorized the jury to bring in a verdict for the defendant, even if the changes were made by a stranger, without any knowledge or consent on the part of the plaintiff. The jury found, from the evidence, however, that no such alterations had been made. So that the defendant would have had nothing to complain of in the refusal, if the instructions had been properly framed.

It is claimed that the verdict is excessive, because it appears, from the special findings, that the contract price was never paid in full by the plaintiff, and the deficit in this respect, added to the damages found, makes an amount larger than the evidence entitled the plaintiff to recover. It is impossible to verify this claim from the record. The special findings do not show in what particulars the contract was violated by the defendant, nor the amount of damages sustained upon any one of the particulars. The evidence was conflicting, but there was substantial testimony tending to make up the amount which the jury found.

The judgment will be affirmed, with the concurrence of all the judges.