Rosser and Others *v.* Barnes and Others.

It is the duty of the Court to see that particular questions of fact propounded to the jury to be answered, are so framed as that each shall present distinctly to the jury, a single material fact involved in the issues, and that they are definitely and completely answered, or ignored, if such answer is insisted upon, before the finding is accepted.

The statute does not contemplate that the jury shall answer special interrogatories, and also return both a special and a general verdict, in the same case.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—*Joseph H. Dodd* was largely indebted to

divers judgment creditors. At the same time, it is averred that he was the equitable owner of certain real estate, the legal title to which was in one *James H. Marsteller*, by whom, at the request of *Dodd*, it was conveyed, for the purpose of defrauding creditors, to one *John Rosser*, who, in furtherance of the same purpose, conveyed it to *Charles Marwin*, the father-in-law of *Dodd*.

It is further averred that *Dodd* was the owner of a certain other lot, which, to defraud creditors, he conveyed to *Rosser*. It is further averred that *Dodd* was the equitable owner of a certain other piece of property, the legal title to which was in one *Clark Eldridge*, by whom, to defraud *Dodd's* creditors, and on the procurement of *Dodd*, it was conveyed to *John Rosser*. Like charges are made as to the ownership and conveyance of divers other pieces of real estate.

*Dodd's* creditors prosecute this suit to subject said pieces of land to execution, making *Dodd*, *Rosser* and *Marwin* defendants.

The general denial was answered. The cause was tried by a jury, and their finding was divided into three sections:

1. A finding upon particular questions of fact, stated in writing. 2. A special verdict upon all the facts. 3. A general verdict, as follows: "We, the jury, find for the plaintiffs, against defendant, *Dodd*. We, the jury, find for the defendant, *John Rosser*." There was no finding as to *Marwin*.

The Court rendered final judgment for the plaintiffs against all the defendants. The findings upon particular questions of fact are many of them vague, and generally inconsistent with the special verdict, they being rather favorable to the plaintiffs, though somewhat contradictory, while the special verdict is entirely favorable to the defendants, as is the general verdict, so far as it affects the title to the land; that being in *Rosser* and his grantee. See *Smith* v. *Anthony*, *ante*, p. 267. *Rosser* paid full consideration, and the special verdict finds that there was no fraud on his part as to any of the conveyances he received. It may be further observed, that the particular questions of fact propounded to the jury were, many of them, loosely drawn, and, as has been already said, vaguely answered. We copy as an example:

May Term, 1861.

ROSSER
v.
BARNES.

May Term,
1861.

"11th. Did not said defendant, *Dodd*, on said *December* 14, 1852, for the purpose of hindering, delaying and defrauding his creditors, transfer a large lot of merchandise to the defendant *Rosser;* and was not said *Rosser* cognizant of such fraud? Answer. We think he was."

It is the duty of the Court to see that these questions, before going to the jury, are so framed as severally to present, distinctly to the mind of the jury, a single material fact involved in the issues; and that they are definitely and completely answered, or ignored, if such answer is insisted upon, before the finding is accepted. If they are not thus answered, the Court can not give full weight to the answers in deciding the cause. Could the Court, upon the answer to the question above copied, say that the property mentioned therein was fraudulently conveyed? The jury have not said so. They did not comprehend the double character of the question.

The statute does not contemplate the threefold description of verdict returned in this case. 2. R. S., p. 114. Nevertheless, it was acted upon in rendering the judgment below, and we must, therefore, look at the entire finding of the jury in considering the case here. Doing so, we think it does not justify the judgment which was rendered upon it.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded for another trial.

*G. O. Behm, Z. Baird, S. A. Huff, J. E. McDonald,* and *A. L. Roache,* for the appellants.

*R. C. Gregory,* and *Chase & Wilstach,* for the appellees.