TROUT and Another *v.* WEST and Others.

DEFECTIVE VERDICT.—SEPARATION OF JURY.—By agreement of counsel and the order of the court, in an action for goods sold, the jury were directed, when they should agree upon a verdict, to seal it up and hand it to the clerk. This was done, and the jurors separated to their homes. When the court again convened, the verdict was produced by the clerk and found to be in these words: "The jury find for the plaintiff. A. B., foreman." After a motion for a *venire de novo* had been overruled, the court caused the jurors to be re-assembled, and the verdict was corrected.

*Held,* that when the jurors separated, their duties, as such, ceased, and could not be resumed again.

*Held,* also, that a *venire de novo* should have been awarded.

APPEAL from the *Johnson* Common Pleas.

RAY, J.—This was an action by the appellees for goods sold and delivered to the appellants. On the trial, a motion was made to suppress certain depositions because the name of the clerk of the county, before whom they had been taken, was signed to the certificate by his deputy. The court overruled the motion, and such action, we have held in another case, furnishes no ground for reversal. *Trout et al.* v. *Williams, ante,* p. 18.

After the jury had received the instructions of the court, it was agreed by the attorneys and ordered by the court, that the jury, if they agreed upon a verdict, might seal the same and deliver it to the clerk, and the court thereupon adjourned from *Saturday* until *Tuesday.* Upon the meeting of court, the clerk gave notice that the finding had been delivered to him on *Saturday* evening, and that the jury had thereupon separated. The verdict was then read, and was in these words: "The jury find for the plaintiff. *John Burgess,* foreman."

A motion was made for a *venire de novo* by the appellants, which was overruled, as also a motion for judgment for appellants for costs. The persons who had composed the jury were thereupon sent for, and were directed to retire to their jury room and complete their finding. They after-

wards returned a verdict, fixing the amount of damages, and judgment was rendered thereon.

It seems to us, that the effect of the agreement of the counsel, and the order of the court made in pursuance thereof, was to substitute the clerk as the person who should receive the verdict for the court, and that upon the delivery of such finding to him, and the separation of the members of the jury and returning to their several homes, their duties as jurors ceased. The order of the court did not contemplate that they should be present as a jury when the court met. It does not appear that they were charged to avoid placing themselves in situations where they might be exposed to influences calculated to prejudice their minds as jurors. We do not think it would be a safe precedent to sustain a verdict arrived at under such circumstances. The general denial was in, and proof of value and amounts was required, and there is nothing, therefore, by which the court could, by calculation, have made the first verdict sufficient. The motion for a *venire de novo* should have been sustained.

The judgment is reversed, with costs.

*S. P. Oyler* and *D. W. Howe,* for appellants.

*D. D. Banta* and *C. Byfield,* for appellees.