SAGE and Others *v.* BROWN.

CONTRACT.—Where by the terms of a contract between A. and B., the former was to deliver to the latter, on a railroad switch, at a certain place, within a specified time, certain lumber, which B. was to there receive and measure as it should be delivered, and for which he was to pay a stipulated price to A. ;

*Held,* that it was a sufficient defense to a suit by B. against A. to recover money advanced by the former to the latter under the contract, in excess of the price of the lumber delivered, and damages for the failure of A. to deliver a portion of said lumber, that A. was ready and willing to deliver the lumber according to the contract, of which fact he notified B., but that B. notified A. that he need not deliver the lumber at said place, unless he would permit B. to ship it to a certain other place and there to measure and receive it, and that A. had been at all times, and then was, ready and willing to deliver said lumber according to the terms of the contract, but that he had been prevented from so doing by the refusal of B. to measure and receive it according to the contract.

OBJECTION TO EVIDENCE.—*Bill of Exceptions.—Motion for New Trial.*—An objection to the admission of evidence cannot be made available in the Supreme Court, where it does not appear by a bill of exceptions that the party objecting stated the ground of his objection to the court below, or where the question has not been presented to the court below as a cause in a motion for a new trial.

INTERROGATORIES TO JURY.—*Answers.— Signing by Foreman.*—Answers to special interrogatories propounded to a jury by the court are in the nature of a special verdict and have the same force and effect, and they must be signed by the foreman, the better practice being for him to sign each answer.

SAME.—Either party has the right to demand that such interrogatories shall be fully answered, and that the answers shall be signed by the foreman; and upon such demand being made it is the duty of the court to keep the jury together until the demand be complied with.

VERDICT.—*Sealed Verdict.—New Trial.*—Where it was agreed by the parties to an action that the jury should be allowed to seal up their verdict and return it to the clerk of the court, and the jury so returned a general verdict for the defendant and answers to interrogatories, some of the interrogatories not being fully answered, and the answers returned not being signed by the foreman, and the court received the verdict in the absence of the jury and after it had been discharged and the jurors had dispersed;

*Held,* that these facts constituted good cause for a new trial on the motion of the plaintiff.

APPEAL from the Howard Circuit Court.

BUSKIRK, J.—This is an action commenced in the court below by the appellants, to recover from the appellee a certain amount of money advanced by them to him on a lum-

ber contract, together with damages by them sustained by the breach of such contract.

The complaint alleges, in substance, that the plaintiffs and defendant, on the 28th day of April, 1867, made and entered into a written contract, by which the defendant agreed to deliver to the plaintiffs, on or before the first day of October, 1867, on the switch of the Peru and Indianapolis Railroad, at Kokomo, one hundred thousand feet of sound poplar lumber, and to sell to them all the walnut lumber that he might have to sell during the year 1867; that the plaintiffs agreed to measure and receive such lumber as delivered, and to pay for clear poplar lumber sixteen dollars per thousand, thirteen dollars per thousand for common poplar lumber, and for the walnut lumber the fair, average market price at the time of delivery; that the plaintiffs advanced to the defendant, at the time of making the said contract, the sum of three hundred dollars, and that they afterwards advanced thereon the further sum of two hundred and thirty-five dollars; that the defendant had only delivered seven thousand one hundred and forty-two feet of clear lumber and four thousand eight hundred and thirteen feet of common lumber, which at the contract price amounted to one hundred and seventy-six dollars and sixty-nine cents; that the defendant had failed and refused to deliver any walnut lumber and the residue of the popular lumber; that the plaintiffs had been at all times ready and willing to receive, measure, and pay for such lumber according to the said contract, and to do and perform all the stipulations by them to be done and performed; and that they had sustained damages in the sum of three hundred dollars by the failure of the defendant to deliver such lumber, in addition to the balance due them on the money advanced, for which sums they demanded judgment.

At the April term, 1868, the defendant filed an answer in two paragraphs. The first was the general denial; the second was in confession and avoidance. The plaintiffs demurred to each paragraph; overruled, and ruling excepted.

to. The cause was then continued upon the motion and affidavit of the defendant.

At the November term, 1868, the defendant filed another answer in two paragraphs, in substance the same as the one previously filed. ' The first was the general denial; the second was in confession and avoidance. In the second, the defendant admitted the making of the contract as set out in the complaint and the payment of the money as therein alleged, but he averred that immediately after the making of the said contract, he commenced cutting, purchasing, and preparing timber for the purpose of filling and discharging the said contract and all the covenants therein contained, to be performed on his part; that on the — day of July, 1867, he delivered to the plaintiffs, at the place of delivery in said contract mentioned, nineteen thousand seven hundred and sixty-two feet of clear lumber and two thousand feet of common lumber, of the quality and value described in the said contract; that he notified the plaintiffs thereof, and requested them to come to Kokomo and measure and receive such lumber; that he was notified and informed by the plaintiffs that he need not deliver any more of such lumber at Kokomo, unless he would permit them to ship the same to Peru, and there to measure and receive it; that he had been ready and willing at all times, and then was ready and willing, to deliver the said lumber according to the terms of the said contract, but was prevented from so doing by the refusal of the plaintiffs to measure and receive the same according to the terms of said contract; and that by reason of such failure on the part of the said plaintiffs he had been damaged in the sum of three hundred dollars, for which he demanded judgment.

We regard the answer last filed as a substitute for the first. To the substituted answer the plaintiffs demurred separately to each paragraph. The demurrer was overruled and excepted to; this is assigned for error. The demurrer was properly and correctly overruled to the general denial. The second paragraph of the answer admits the making of

the contract as alleged in the complaint, and then avers that the defendant was ready and willing to deliver the lumber according to the terms of the contract, but was prevented from doing so by the refusal of the plaintiffs to receive and measure the same at the place of delivery agreed upon by the parties. This paragraph seems to have been treated, in argument, as a plea of performance. - As such it would be clearly bad. To make it a good plea of performance, it should have alleged that the defendant had, within the time and at the place of delivery specified in the contract, actually delivered the whole of the lumber. We regard it as a plea showing that the defendant was ready and willing to deliver the lumber, and that the acts of the plaintiffs excused him from making an actual delivery. The appellee had agreed to deliver, and the appellants had agreed to receive, the lumber on the switch at Kokomo. The appellee was not bound to deliver at any other place, and if the appellants notified him that they would not receive it at such place, that would release the appellee from his obligation to deliver at Kokomo, on the principle that the law never requires a foolish or unnecessary thing to be done. There was no error committed by the court in overruling the demurrer to the second paragraph of the answer.

There was a trial by jury; verdict for the defendant, his damages assessed at five dollars; motion and reasons for a new trial filed; motion overruled and excepted to. There was no reply filed, but the objection was not made in the court below nor in this court, and is to be regarded as waived as to the former trial. The court gave the jury, of its own motion, five instructions. The appellants only excepted to the fifth, and the giving of this instruction is assigned for error. The instruction complained of is in these words:

"If you find from the evidence that the defendant was prevented from fulfilling his part of the contract by the plaintiffs, you should find for the defendant; and in this regard you may take into consideration, if you find any evidence

of the fact, the refusal to receive the lumber unless the seller, the defendant, would ship it to Peru for measurement."

If this instruction stood alone, it might have misled the jury. The omission in this instruction is, that it entirely overlooks the fact that to make a good defense it was necessary to show that the defendant was ready and willing to deliver the lumber, and was either prevented or excused by the conduct of the plaintiffs from performing on his part. The court, in the second instruction, properly charged the law on this subject. The better practice is, to make every instruction full and complete within itself, so that the jury would comprehend and understand the law upon the point without having to refer to other parts of the instructions. Each separate and distinct proposition should be stated in separate instructions. But we are not prepared to say that the instruction in question, when viewed in connection with the other instructions, misled the jury.

The next error complained of is the admission of improper and incompetent evidence. It is insisted, in argument, that certain questions asked of the appellee and answered by him were improper, but the record is not in a condition to make the error, if any was committed, available in this court. The bill of exceptions shows that the appellants objected to certain questions, that the objection was overruled, and they excepted, but it does not appear that the appellants stated the grounds of their objection. Nor did the appellants assign this alleged error as one of the causes for a new trial. The question as to the admissibility of the evidence objected to is not presented by the record. This is too well settled to require a citation of authority.

One of the causes assigned for a new trial was the misconduct of the jury. The court submitted to the jury nine special interrogatories, and directed them if they found a general verdict to answer these interogatories. It is also assigned for error that the court received the verdict when the jury were not in court, but after the jurors had been discharged and had dispersed. We will consider these two

questions together. The record bearing upon these questions is in these words:

"By agreement of counsel, the jury are allowed to seal up their verdict, and return the same to the clerk of the court; and the jury, having considered of their verdict, return into the hands of the clerk of the court their verdict, which, being published in open court, is as follows, to wit:

"We the jury find for the defendant, and assess his damages at five dollars.

WILLIAM B. SMITH, Foreman

"And the following answers to eight of the special interrogatories." Then is copied into the record what purports to be the answers of the jury to the special interrogatories submitted to them. The sixth interrogatory is not answered at all, and the seventh and eighth are answered in a very defective and unsatisfactory manner. The answer to each is, "We don't know." It was their business to know, or to state that from the evidence in the cause they were unable to answer the questions.

But there is a more serious and fatal objection to what purports to be the answers to the interrogatories than the total failure to answer one and the defective answers to others. The answers are not signed by the foreman of the jury or any other person. A verdict is either general or special. 2 G. & H. 205, sec. 335. Section 334, 2 G. & H. 203, provides, "When the jury have agreed upon their verdict, it must be reduced to writing and signed by the foreman; and when returned into court, the foreman shall deliver the verdict, and either party may poll the jury. If any juror dissent from the verdict, they shall again be sent out to deliberate." Answers to interrogatories are in the nature and have the same force and effect as a special verdict. Section 336, 2 G. & H. 205, provides, "This special finding is to be recorded with the verdict." There can be neither a general nor special verdict unless it is signed by the foreman. The better practice certainly is for a jury, in answering special interrogatories, to have the foreman to sign his name under each answer, but it is, beyond

all question, necessary that he should sign his name to the end of the paper. It was the province of either party to demand that the special verdict should be properly signed, and that the questions should be answered; and upon such demand being made, it was the duty of the court to keep the jury together until the interrogations were fully answered and the answers thereto properly signed by the foreman. *Trout* v. *West*, 29 Ind. 51, and *Noakes v. Morey*, 30 Ind. 103.

But in this case, this course was rendered impossible by the action of the parties and the court in consenting that the jury might seal up their verdict and deliver it to the clerk, who afterwards published it in court. The agreement does not say in express terms that the jury might separate after they had delivered their verdict to the clerk, but this may be inferred. The jury seemed to have so understood the agreement, for they did separate and were not in court when the verdict was returned. Where the parties consent, it is proper for the court to direct the jury, when they have agreed upon their verdict, reduced it to writing, and had their foreman to sign it, to seal it up and deliver it to their foreman, and then separate until the meeting of the court, and then return their verdict in open court, in the presence of the parties, who can avail themselves of their respective rights. This court, in the case of *Rosser* v. *McColley*, 9 Ind. 587, after quoting sec. 334, 2 G. & H., 203, say, " This provision evidently contemplates a return of the verdict publicly into court, where the law supposes the parties to be present, and ready to avail themselves of their respective rights to poll the jury. Moreover, to allow the judge, without the assent of the parties, to receive the verdict at his own house, or otherwise out of court, would not, in our opinion, be consistent with a proper administration of justice."

It is not necessary for us to decide in this case, and we do not decide, how far the consent of the parties can dispense with the requirement of the statute that the verdict of the jury should be returned into open court. But it is evident that when the parties, in the case under consideration, con-

sented that the verdict might be sealed up and delivered to the clerk of the court, it was with the understanding that the general and special verdicts should be reduced to writing and signed by the foreman. This was not done, and, in our judgment, the consent given cannot be regarded as a waiver of the performance of such acts as were necessary to the validity of the verdict. The effect of the agreement was, that when the verdict was reduced to writing and signed by the foreman, it might be delivered to the clerk of the court, and he should open the verdict in court, without the presence of the jury. The jury having been discharged, their functions as such had ceased, and the court had no power to reassemble them. It was the duty of the court to have awarded a *venire de novo.* The court erred in overruling the motion for a new trial, and for this error the cause must be reversed.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, to complete the issues, and for further proceedings in accordance with this opinion.

*L. Walker* and *A. Blake,* for appellants.

*N. R. Linsday, N. P. Richmond,* and *M. Bell,* for appellee.

