PETERS *v.* LANE ET AL.

INTERROGATORIES TO JURY.—*Answers.*— *Uncertainty.*—Where to a pertinent, direct interrogatory, put to the jury trying a cause, they return an uncertain or doubtful answer, the court trying such cause must, on motion therefor, made before the discharge of such jury, instruct them to return a direct and certain answer.

SAME.—Where the answer to an interrogatory is in other respects certain and direct, the prefacing or adding thereto, by the jury, of the phrase " in our judgment," does not render it uncertain.

SAME.— *Venire de Novo.*—Where the answer of a jury to a pertinent, direct interrogatory is uncertain, a motion for a *venire de novo* should be sustained.

From the Boone Circuit Court.

*C. C. Galvin* and *C. S. Wesner*, for appellant.

*Clements & Wills, B. K. Elliott* and *A. C. Ayres*, for appellees.

BIDDLE, J.—The appellees allege in their complaint that they were the owners of a saw-mill in Boone county, and were engaged in manufacturing lumber; that, to enable them to carry on their business, they appointed the appellant their agent, at Whitestown, Indiana, to receive, handle, ship, and sell, for the appellees, the lumber they manufactured; that by the terms of their agreement, appellees

were to deliver lumber to the appellant, who was to sell the same for them at the best market price, to furnish bills, pay expenses, and account to appellees for all moneys remaining in his hands, which he received for lumber sold for them; that under the above contract, between the 1st day of June, and 30th day of December, 1872, they furnished and delivered to the appellant, at Whitestown, three hundred and fifty-seven thousand feet of poplar, ash, elm and sycamore lumber, of the value of six thousand three hundred and thirty dollars; that the appellant received and sold the same, and received therefor six thousand three hundred and thirty dollars, of which he accounted to the appellees, for the sum of two thousand five hundred dollars, leaving in his hands three thousand eight hundred and thirty dollars, for which he has failed to account; that appellees demanded the same from him, and that he make settlement therefor, furnish bills, etc., which he has wholly refused to do. Wherefore, etc.

There are three other paragraphs in the complaint, which need not be set out; nor need we state the answers and replies, as no question is made upon the pleadings. Issues were joined, a trial by jury had, a verdict for the appellees returned, with special interrogatories and answers, among the latter of which were the following:

"2. What amount of lumber did plaintiffs furnish defendant at Whitestown, Indiana, from the 1st day of June, 1872, to December 30th, 1872?

"Answer. Can't say, definitely.

"6. What amount of lumber did plaintiffs furnish defendant from the 30th of December, 1872, to June 1st, 1873?

"Answer. Can't say, definitely.

"11. What amount, per one thousand feet, did the defendant receive for the lumber furnished him by the plaintiffs during the year 1872?

"Answer. Can't say, definitely.

"13. What amount has he failed to account for?

"Answer. In our judgment, eleven hundred and sixty-six dollars.

" 15. Did plaintiffs sell fifty-two thousand feet of ash lumber to defendant, during the year 1873 ?

"Answer. Yes, ash and oak."

After the return of the verdict, and before the jury were discharged, the appellant moved the court to instruct the jury to definitely answer the above interrogatories; but the court " having received a response from the jury that the foregoing is their verdict, and their answers to the interrogatories propounded," overruled the motion, and the appellant excepted.

The answer to interrogatory thirteen, we think is sufficiently plain. It amounts to finding the sum as stated. The words, " in our judgment," do not render it uncertain or doubtful. But the answers to interrogatories two, six, eleven and fifteen, are insufficient. The questions were direct and pertinent to the issues. The jury were as much bound to answer them as they were to render a general verdict; and it was the duty of the court, under the motion, to require them to give a plain and direct answer to each interrogatory, unless, upon due consideration, they could not agree. This practice is well settled. *Buntin* v. *Rose*, 16 Ind. 209 ; *Rosser* v. *Barnes*, 16 Ind. 502 ; *Noble* v. *Enos*, 19 Ind. 72 ; *Noakes* v. *Morey*, 30 Ind. 103 ; *Sage* v. *Brown*, 34 Ind. 464 ; *Maxwell* v. *Boyne*, 36 Ind. 120 ; *Reeves* v. *Plough*, 41 Ind. 204 ; *Hopkins* v. *Stanley*, 43 Ind. 553 ; *Rowell* v. *Klein*, 44 Ind. 290 ; *Bradley* v. *Bradley*, 45 Ind. 67 ; *Bowman* v. *Phillips*, 47 Ind. 341.

For these defects in the answers to the interrogatories, the appellant moved the court for a *venire de novo*, which the court denied, and the appellant excepted. This ruling is erroneous. *The Cincinnati, etc., R. R. Co.* v. *Washburn*, 25 Ind. 259 ; *Marcus* v. *The State*, 26 Ind. 101 ; *Trout* v. *West*, 29 Ind. 51 ; *McElfresh* v. *Guard*, 32 Ind. 408 ; *Pea* v. *Pea*, 35 Ind. 387 ; *Vater* v. *Lewis*, 36 Ind. 288 ; *Gulick* v. *Connely*, 42 Ind. 134.

The judgment is reversed, with costs, and cause remanded for further proceedings.