Dockerty v. Hutson.

Filed Sept. 18, 1890.

No. 14,285.

### DOCKERTY v. HUTSON.

VENIRE DE NOVO.—*Verdict in Proper Form.—Answers to Interrogatories.*— Where the verdict is in proper form, a motion for a *venire de novo* will not lie. The answers to interrogatories propounded to a jury can not be brought into question by a motion for a *venire de novo.*

INTERROGATORIES TO JURY.—*Failure to Answer.—Practice.*—When the jury fail to fully and properly answer interrogatories, the proper practice is to send them back to their room that they may answer further. If the evidence is of such a character that they can not answer the interrogatories, or if they can not agree upon proper answers, they should so state.

ANIMALS.—*Vicious Dog.—Failure to Confine.—Damages.—Contributory Negligence.*—Whoever keeps a dog which has a propensity to bite mankind, is required to keep him confined, and if he fails to do so must respond in damages for the animal's ferocious act to any person injured thereby, if he was guilty of no contributory negligence.

SAME.—*Instruction to Jury.—Ability to Control Vicious Animal.*—The following instruction was requested by the plaintiff to be given to the jury: "The fact that the defendant or defendant's wife may have been able to control the dog, by calling him off or speaking to him when he would run at any one, even if the jury believe this fact proven, is not such a restraining as is contemplated by the law, and would not release or excuse the defendant from the charge of negligence if the other facts in said cause are proven that would require the defendant to restrain his dog." The court's refusal to give this instruction was an error, as the evidence disclosed that the defendant's wife, though she might have been able ordinarily to control the animal, did not do so on this occasion, and her presence did not excuse the defendant's failure to confine the dog.

VERDICT.—*Insufficient Evidence.—New Trial.*—Where there is not sufficient evidence to support the verdict a new trial should be granted.

From the Henry Circuit Court.

Dockerty *v.* Hutson.

*D. W. Chambers* and *J. S. Hedges,* for appellant.
*C. S. Hernly* and *S. H. Brown,* for appellee.

BERKSHIRE, C. J.—The appellant brought this action to recover damages because of an injury which he alleges he received from the bite of a ferocious and vicious dog owned and harbored by the appellee.

After testing the sufficiency of the complaint by demurrer, the appellee filed as his only answer a general denial.

The cause was submitted to a jury, who returned a verdict for the appellee. The appellant moved for a *venire de novo,* and this motion being overruled, he filed his motion for a new trial, which was likewise overruled.

To the action of the court in overruling said motions the appellant reserved proper exceptions. After overruling the motion for a new trial the court rendered judgment for the appellee.

But two errors are assigned:

1. That the court erred in overruling the motion for a *venire de novo.*

2. Error of the court in overruling the motion for a new trial.

The court did not err in overruling the motion for a *venire de novo.*

The verdict was in proper form, and a motion of this character only goes to the form of the verdict, as we have many times decided.

It seems to have been the purpose of counsel to bring in question certain answers of the jury to interrogatories that had been propounded to them by this motion, but this is not the office of a *venire de novo.*

When the jury fail to fully and properly answer interrogatories, the proper practice is to send them back to their room that they may answer further.

There are many reasons assigned in the motion for a new trial, the larger number of which relate to objections made

to offered evidence during the progress of the trial, but in view of the conclusion which we have reached, and what we shall say leading thereto, we do not feel called upon to consider the questions thus presented, but will proceed to the consideration of the other questions which the motion presents.

The appellant requested the court to give to the jury the following instruction, which the court refused:

" The fact that the defendant or defendant's wife may have been able to control the dog by calling him off or speaking to him when he would run at any one, even if the jury believe this fact proven, is not such a restraining as is contemplated by the law, and would not relieve or excuse the defendant from the charge of negligence if the other facts in said cause are proven that would require the defendant to restrain his dog."

This instruction was pertinent to the evidence, and should have been given unless covered by some instruction which was given, and we find no equivalent instruction.

The law is well settled that whoever keeps a dog which has a propensity to bite mankind, is required to keep him confined, and if he fails so to do must respond in damages for the animal's ferocious act to any person injured thereby, if he was guilty of no contributory negligence. See the recent case of *Graham* v. *Payne*, 122 Ind. 403, and the authorities there cited.

The answers to interrogatories numbered 3, 7, 15 and 16 were not such answers as should have been returned to the interrogatories; the court should have sustained the motion and required further answers, and if the evidence was of a character that they could not answer the interrogatories, or if they could not agree upon proper answers, they should have so stated. *Cleveland, etc., R. W. Co.* v. *Asbury*, 120 Ind. 289.

The evidence discloses beyond controversy the following state of facts: That the appellee owned a dog that was vic-

Dockerty *v.* Hutson.

ious and dangerous to mankind, and that he had knowledge of the vicious propensity of the animal; that he failed to confine him; that the dog attacked and bit the appellant, who at the time was in a public highway, where he had a right to be, and that he was guilty of no negligence contributing to the injury.

Let it be conceded that the appellant was moving at a rapid pace and talking in a somewhat loud tone when the dog started towards him, the circumstances disclose no improper conduct; but if they did it can not be said that what was said or done contributed to the injury.

The fact that Mrs. Hutson was present when the animal made the attack, and ordinarily could control him and his vicious propensity, is immaterial, for on this occasion she did not control him, and her presence did not excuse the appellee's failure to confine the animal.

In this connection we may add that the appellee's own testimony indicates that he regarded the animal as vicious and possessing a propensity to attack and bite mankind; his treatment of the dog, as stated by himself, very clearly indicates such knowledge.

There is not sufficient evidence to support the verdict of the jury, and for this reason the court should have granted a new trial. *Graham* v. *Payne, supra,* where the authorities are collected.

We have been required to consider this case without the benefit of a brief from the appellee, but if this has been to his prejudice the fault rests with himself.

For the errors indicated the judgment must be reversed.

Judgment reversed, with costs, and the trial court is directed to grant a new trial.

Filed Sept. 18, 1890.