## LIFE ASSURANCE COMPANY OF AMERICA *v.* HAUGHTON ET AL.

[No. 4,413.   Filed June 19, 1903.   Opinion modified November 18, 1903.]

INSURANCE.—*Life Policy.*—*Proof of Death.*—*Complaint.*—Where a life policy insures against the death of insured "from any cause," a complaint on the policy by the beneficiaries need not aver proof of the cause of death, although the policy contains a provision that the company will pay the amount of the policy to the beneficiaries "immediately upon receipt and approval of the proofs of the death and cause of death" of the insured.   *p. 627.*

APPEAL.—*Submission of Interrogatories to Jury.*—*Presumption.*—Where on appeal the record is silent as to the submission of certain interrogatories which the record shows to have been returned by the jury with answers, and to have been treated by the court and counsel as properly before the court at the time and after they were returned, it will be presumed that they were properly submitted.   *pp. 628, 629.*

TRIAL.—*Defective Answers to Interrogatories by Jury.*—Where proper interrogatories are propounded to a jury, and they return a general verdict, it is the duty of the jury to answer the same in a direct and positive manner.   Such answers as "Don't know," "So stated," or "It is so stated" are imperfect, and upon proper objection and motion the court should require the jury to retire and return proper answers.   *pp. 632-634.*

From Knox Circuit Court; *O. H. Cobb*, Judge.

Action by Pernilla P. Haughton and others against the Life Assurance Company of America.   From a judgment for plaintiffs, defendant appeals.   *Reversed.*

*A. C. Ayres, A. Q. Jones, J. E. Hollett* and *W. C. Johnson*, for appellant.

*W. A. Cullop, G. W. Shaw, Alvin McClure* and *J. T. Goodman*, for appellees.

WILEY, J.—Appellees sued appellant upon an insurance policy issued upon the life of one George A. Haughton, appellees being named therein as beneficiaries.   The complaint was in a single paragraph.   The cause was put at issue by answer and reply.   Trial by jury, resulting in

a verdict in favor of appellees. With the general verdict the jury answered and returned interrogatories. After the return of the verdict and answers, appellant moved the court that the jury be required to retire to the jury room and answer certain of the interrogatories more definitely, which motion was overruled. It also moved for judgment on the answers to interrogatories notwithstanding the general verdict. Appellant's motion for a new trial was also overruled.

The assignment of errors presents for review the overruling of the demurrer to the complaint, the overruling of the demurrer to the second paragraph of reply, and the overruling of the motions for judgment on the interrogatories and for a new trial.

The only objection urged to the complaint is that there is no specific averment, or its equivalent, concerning proof as to the cause of death. There is a provision in the policy that the appellant would pay to the beneficiaries "immediately upon receipt and approval of proofs of the death and cause of death of George A. Haughton," the insurance. The policy also contained this provision: "Proofs of death must be furnished the company at its home office within one year after the death of the assured, and must comply fully with the company's form." No complaint is made as to the form of the proof of death. In the latter provision to which we have referred, it is not made a condition precedent to the right to recover on the policy that proof of the cause of death should be made. The policy nowhere limits the liability of the company on account of death from any specific cause, but, by its terms, agrees to pay the amount specified upon the death of the assured from any cause, upon proof of death. Taking the policy as a whole, and construing the contract of insurance most strongly against the appellant, as we must, we think that the first provision relating to proof of death and cause of death, is so qualified by the latter that the inference is

fair and reasonable that the parties intended as a condition of payment only that proof of death should be made. The complaint avers that due proof of death was made. The objection to the complaint upon this point is not well taken, and the demurrer was correctly overruled.

If it be conceded that the second paragraph of reply was not sufficient, the action of the court in overruling a demurrer to it was harmless, for the jury were instructed that appellees did not introduce any evidence in support of it, and that therefore it should not be considered. Counsel for appellant admit that if the ruling was error it is not available.

While not in the order in which counsel have discussed the questions presented by the record, we will next consider the refusal of the court, on appellant's motion, to require the jury to answer more specifically certain interrogatories which they returned with the general verdict. Counsel for appellees contend that the question is not presented by the record, because there is no formal entry that the interrogatories were properly submitted by the court, and that the jury was not instructed touching their duty in relation thereto. The statute provides that in all cases, except suits in equity, upon the request of either party, the court shall instruct the jury to find specially upon particular questions of fact, to be stated to them in writing in the form of interrogatories, on any or all the issues in the cause. It is also provided that the interrogatories shall be recorded with the verdict. §555 Burns 1901. The legislature having made these provisions, courts should give litigants such benefit and relief as they are entitled to by reason thereof, whenever the question is properly presented. Even where the parties have not requested it, the court, on its own motion, may submit interrogatories, and may also revise those submitted. *Killian* v. *Eigenmann,* 57 Ind. 480; *Lauter* v. *Duckworth,* 19 Ind. App. 535; *Hammond, etc., R. Co.* v. *Spyzchalski,* 17 Ind. App. 7; *Senhenn* v. *City of Evans-*

*ville,* 140 Ind. 675; *Louisville, etc., R. Co.* v. *Worley,* 107 Ind. 320.

The record shows the following: "And now, the arguments of counsel being made, the jury having received the instructions of the court, * * * they retire in charge of a sworn bailiff to consider their verdict." Then follows an order-book entry in these words: "Come again the parties, come also the jury, and return in open court their general verdict for plaintiffs, as follows." Then follows the general verdict, signed by the foreman. Immediately following the general verdict is this entry: "And also return interrogatories and their answers thereto as follows." Following this are thirty-one interrogatories, all of which are answered in some form, and each answer is signed by the foreman of the jury. Before the jury were discharged, counsel for appellant objected to the answers to the interrogatories, as being indefinite and insufficient, and interposed a motion to require the jury to answer them definitely, etc., and this motion was overruled. The motion and ruling thereon are brought into the record by bill of exceptions. One of the causes for a new trial was the action of the court in overruling this motion. If the interrogatories and answers thereto are properly in the record, they are subject to review. As the record is silent as to the submission of the interrogatories, and the court and counsel treated them as properly before the court and jury, and no objection of appellees appears in the record, and as interrogatories can only go to the jury by the consent and knowledge of the court, we must presume that they were properly submitted, and that the court discharged its duty in that regard. It appears from the record that the jury returned into open court, with their general verdict, their answers to a series of interrogatories, and that such interrogatories are set out in the record immediately following the general verdict, in harmony with the provisions of the statute. Under such facts it can not be pre-

sumed, in the absence of any further showing, that the court thus received from the jury, and made part of the record of the cause, answers to interrogatories which had not been submitted properly to the jury, with correct instructions concerning them. *Byers* v. *Davis,* 3 Ind. App. 387; *Shoner* v. *Pennsylvania Co.,* 130 Ind. 170; *Pennsylvania Co.* v. *Meyers,* 136 Ind. 242; *Frank* v. *Grimes,* 105 Ind. 346. Our conclusion is that the interrogatories and answers are properly in the record, and that the refusal of the court to require the jury to make their answers more definite and specific is reviewable.

Appellant rested its defense upon the ground of breach of warranty as to specific facts stated in the application for insurance. It is urged that when he made application for the insurance he was then afflicted with a malignant and fatal disease, and that it soon thereafter caused his death; also that he purposely and fraudulently concealed such fact from appellant. His application for the insurance was in writing, in which he gave specific answers to many direct and pointed questions, and his answers thereto were warranted to be true. The following are some of the questions and answers: "Have you any disease or disorder? If so, what? A. None." "For what have you sought medical advice in the past seven years? A. None." "Have you ever had any of the following? Answer concerning each, give particulars under head of remarks." Then follows a long list of diseases, etc., and among them there are: "Swelling of glands;" "tumors of any kind;" "ulcers or open sores." "Have you had any illness, injury, disease, or disorder other than as stated herein?" To each of these last inquiries he answered, "No." By his application and answers to all questions propounded he represented himself as sound in body, and free from any disease or disorder.

It is averred in the answer that soon before he made application for insurance, he had consulted two physicians

about a swollen and diseased testicle, and that at the time he made his written application he had arranged to have a surgical operation performed to remove the diseased member; that he had been advised by his physician that such operation was necessary to save his life, and that possibly that would not do it; that such operation was soon thereafter performed; that his disease was of a cancerous character, and that it caused his death. By the interrogatories propounded to the jury it was sought to establish by the answers thereto specific and affirmative facts touching the matters set up in the answer, and upon which the defense was based. Some of those facts were whether or not the insured, at the time he made application for insurance, was afflicted with a malignant tumor of a cancerous character; if he had not consulted physicians about it; if he had not taken treatment for it; if he had not then arranged with two physicians to have a surgical operation performed to remove it; if he had not been advised by his physicians that such disease and disorder were dangerous to his life, and that even that might not prevent death. There were some thirty or more interrogatories, and each of them was susceptible of being answered definitely, and yet the jury did not make a specific answer. All the answers may be grouped in the following phrases: "So stated;" "It was so stated;" "Don't know;" and "Evidence not sufficient." The rule is that where interrogatories are propounded to a jury, and they return a general verdict, it is the duty of the jury to answer such interrogatories in a direct and positive manner, if evidence has been introduced as to any given fact to which an interrogatory has been addressed, unless the jury disagree as to how such fact should be answered, and such disagreement should be reported to the court. Where evidence has been given, pertinent to any fact to which an interrogatory has been addressed, and the jury answer "Don't know," or "We don't know," the special findings are imperfect and insuf-

ficient, and it is the duty of the trial court, upon objection and proper motion, to require the jury, under instructions, to retire and answer such interrogatory or interrogatories, if they can agree upon an answer or answers. A case directly in point is that of *Cleveland, etc., R. Co.* v. *Asbury,* 120 Ind. 289, at pages 291 and 292. See, also, the following: *Buntin* v. *Rose,* 16 Ind. 209; *Rosser* v. *Barnes,* 16 Ind. 502; *Duesterberg* v. *State, ex rel.,* 116 Ind. 144; *Sage* v. *Brown,* 34 Ind. 464; *Peters* v. *Lane,* 55 Ind. 391; *Maxwell* v. *Boyne,* 36 Ind. 120; *Reeves* v. *Plough,* 41 Ind. 204; *Hopkins* v. *Stanley,* 43 Ind. 553; *Summers* v. *Greathouse,* 87 Ind. 205. The same rule applies where the answer by the jury is "Evidence not sufficient." See *Maxwell* v. *Boyne, supra.*

This leaves for consideration the stereotyped answers of the jury, "So stated," or "It is so stated," made to many of the interrogatories. The policy was executed on the 10th day of December, 1898, upon the written application of the insured. In his application he made the following warranty: "I warrant on behalf of myself and any person who have or claim to have any interest in any policy issued under this application, each of the above answers to be full, complete, and true. I agree on behalf of myself and any person who shall have or claim any interest in any policy issued under this application, as follows: (1) That the foregoing application, together with any assurance made to the medical examiner, in continuation of and forming a part of the application, shall be a consideration for and basis of the contract of the Life Assurance Company of America, under any policy issued under this application." In his application he was asked and answered the following questions: "Have you any disease or disorder? If so, what? A. None." "Have you ever had any illness, injury, disease, or disorder other than as stated herein? A. No." "For what have you sought medical advice during the past seven years? A. None."

He also stated in his medical examination that he had never had "swelling of the glands," or "tumors of any kind." All of these answers he warranted to be true. To many of the interrogatories addressed to the jury which were pertinent to the facts which he stated to be true in his application, the jury answered, "So stated," or "It is so stated." If we could construe these answers so as to hold that the jury, by them, intended to answer the interrogatories in the affirmative, then the answers would have been responsive and sufficient, but we can not so construe them.

Evidently what the jury meant was that evidence had been introduced pertinent to and concerning the several interrogatories, but their answers thereto were not statements of substantive facts. If the jury had returned a general verdict in the following form: "We, the jury, find that there was some evidence in support of plaintiff's cause of action"—it would have been an imperfect and incomplete verdict, for it would not have been conclusive of any fact. The verdict must be certain, positive, and free from all ambiguity. It must convey on its face a definite and precise meaning, and must show just what the jury intended. An obscurity which renders it doubtful will be fatal to it. 1 Graham & Waterson, New Trials, 159. See, also, *Hopkins* v. *Stanley, supra.*

To state the proposition differently, and possibly more tersely, by the answers to the interrogatories we are now considering, the jury meant to say that they were of the opinion that certain facts existed. In the case of *Diehl* v. *Evans,* 1 Serg. & Raw. 367, the court, by Tilghman, C. J., in commenting upon a verdict where the jury said they were "of opinion" that a certain matter had transpired, said: "An opinion is not a legal verdict; the finding must be positive." The Supreme Court, in *Hopkins* v. *Stanley, supra,* quoted with approval the following: "It has long been well settled, that the courts will give validity to verdicts when they perceive the substance of the issue

to be contained in the verdict, however rude or informal the finding of the jury may have been expressed. In the language of Ch. J. Hobart, 'the court will work the verdict into form, and make it serve.' For verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided unless from necessity, originating in doubt of their import, or immateriality of the issue found, or their manifest tendency to work injustice."

Facts specially found by way of answers to interrogatories, which are pertinent to the issues, are as much a part of the verdict as the general verdict itself. By express command of the statute, they are recorded with the verdict, and become a part of the record. In many cases the facts thus specially found are of controlling influence, and when in irreconcilable conflict with the general verdict the latter must fall, and the judgment be pronounced upon the former.

In this case, most, if not all, of the interrogatories, under the evidence, which as to many of the questions was without conflict, were susceptible of being positively and definitely answered by "yes" or "no." If they had been answered in the affirmative, as warranted by the evidence, such answers would have disclosed the existence of the vital facts upon which appellant relied for its defense. Such facts, if found by the jury, would have overthrown the general verdict. We are not saying that it was the duty of the jury so to have found, but there was ample evidence upon which they could have done so, and no evidence of the contrary. They might have wholly disbelieved and discredited the evidence, as was their province, but, in any event, they should have answered the interrogatories so as to have established affirmative or negative facts.

There seems to have been a disinclination to answer the interrogatories, and we have never seen a more flagrant disregard on the part of jurors in avoiding the perform-

ance of a sworn duty. As was said in the case of *Cleveland, etc., R. Co.* v. *Asbury,* 120 Ind. 289, "The evidence was not complicated, and there was very little conflict, if any, as to many of the facts inquired for in the interrogatories," and the appellant was entitled to have them answered. That issue was directly involved by the interrogatories propounded to the jury. They were direct and pertinent to that issue, and the jury were as much bound to answer them as they were to return a general verdict; and it was the duty of the court, upon appellant's motion, to require them to give a plain and direct answer to each interrogatory, unless, upon due consideration, they could not agree. *Peters* v. *Lane,* 55 Ind. 391, and authorities there cited.

This conclusion necessarily leads to a reversal, and, as a new trial must follow, other questions presented may not arise again, and need not here be decided.

Judgment reversed, and the court below is directed to sustain appellant's motion for a new trial, and for further proceedings in harmony with this opinion.