LUTZ v. GOLDBLATT BROTHERS, INC., ETC.

[No. 20,408.   Filed May 5, 1967.   Rehearing denied May 17, 1967.
Transfer denied September 20, 1967.]

*Roland Obenchain, Jr., Thomas F. Lewis, Jr.,* and *Jones, Obenchain, Johnson, Ford & Pankow,* all of South Bend, for appellant.

*Arthur A. May ,Thomas H. Singer,* and *Crumpacker, May Levy & Searer,* all of South Bend, for appellee.

PFAFF, P. J.—Appellant brought this action to recover damages by reason of injuries allegedly sustained when she slipped and fell on the premises of appellee, the proprietor of a store. Trial by jury resulted in a verdict for appellee.

Three interrogatories were submitted to the jury and much of appellant's argument concerns these. For the purpose of this appeal it is not necessary to set forth these interrogatories or their answers. Regardless of how they might have been answered they did not cover sufficient facts so as to form the basis of a motion for judgment on the interrogatories notwithstanding the verdict.

After the jury had deliberated for an undisclosed length of time it returned into open court with a verdict in favor of the defendant-appellee. At the same time it presented answers to the interrogatories, the exact wording of which is not in the record, but which indicated that the jury was not unanimous in such answers. Thereupon counsel for appellant moved that the court declare a mistrial and discharge the jury. The court did not expressly rule on this motion, but directed the jury as follows:

"Ladies and Gentlemen: The interrogatories that you submitted to the court showing your findings in Interrogatories One, Two and Three are now rehanded to Mr. Baer, the foreman, with this court's instruction: You should retire to the jury room and come back with a definite answer by all of you jurors that must be in unanimity. All answers must be 'yes' 'no' or 'no evidence' by all Twelve. If it is impossible for you to agree within a reasonable time, this court will call you back into the court room. You will now again retire."

Appellant also presents as error the ground of her motion for a new trial that the court erred in not making any ruling on her motion for a mistrial. Following the return of the jury again into open court with unanimous answers to the interrogatories, the court indicated that it intended to enter an express ruling of record, but appellant objected to its being entered at that time.

There was no error in making an express ruling denying the motion. The motion for a mistrial was effectually denied by the court when it sent the jury back to deliberate further on the answers to the interrogatories.

As stated in 20 I.L.E., *Motions,* § 4, p. 308:

"The determination of a motion need not always be express, but it may be implied. So, where an order is entered which is inconsistent with the granting of the relief sought, there is a denial of the motion." *Long* v. *Ruch* (1897), 148 Ind. 74, 47 N. E. 156; *Blemel* v. *Shattuck* (1892), 133 Ind. 498, 33 N. E. 277; See also 60 C.J.S., *Motions and Orders,* § 38, p. 37.

Appellant next contends that it was error to resubmit the interrogatories and give additional "instructions" regarding the same after the jury had first returned its verdict and answers.

Our Supreme Court has stated the law in the case of *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 439, 67 N. E. 183, as follows:

"If the jury were unable to agree upon the answers to said interrogatories, it was their duty to report such fact to the court, and, if *finally* unable to agree, the court should have discharged the jury on account of such disagreement, the same as in a case where a jury can not agree upon a general verdict." (Emphasis supplied).

To the same effect is the case of *S. W. Little Coal Company* v. *O'Brien Administratrix* (1917), 63 Ind. App. 504, 520, 113 N. E. 465, 114 N. E. 96. See also *Kingan and Co.* v. *Albin, Admx.* (1919), 70 Ind. App. 493, 503, 123 N. E. 711. Burns' Ind. Stat. Anno. § 2-2018, p. 445 (1946 Replacement) provides:

"The jury may be discharged by the court, on account of the sickness of a juror, or other accident or calamity requiring the discharge, or by consent of both parties, or after they have been kept together until it satisfactorily appears that there is no probability of their agreeing. [Acts 1881 (Spec. Sess.), ch. 38, § 385, p. 240.]"

Appellant says that the court erred in not making an effort to determine whether there was any probability that the jury could agree upon the answers. There is nothing presented to us showing how long the jury had been kept together when it first returned into open court with the indication of disagreement as to the answers. Such length of time is one material element to be considered by the court. 53 Am. Jur., *Trial,* § 962, p. 677, provides:

"§ 962. Time Jury Is Kept Together—Directing Further Deliberations.—How long a jury is to be kept in deliberation is a matter resting within the sound judicial discretion of the trial judge. His action in keeping them confined for a reasonable time, refusing to discharge them at their request, or sending them back for further deliberation, does not as a rule amount to coercion of the verdict. No specific period can be designated, nor can any absolute rule be laid down, to control the court's discretion. So long as a further argument and comparison of views may aid in bringing about a unanimous verdict, jurors may properly be kept together to continue such comparison of views and statement of argument. . . ." See also 53 Am. Jur., *Trial,* § 1001, p. 694. In 89 C.J.S., *Trial,* § 462, p. 93, it is stated:

"If the jury report a disagreement, the judge may keep them together for further deliberation for a reasonable length of time and until he is satisfied that they have made an honest effort to agree. . . ."

In 93 A.L.R. 2d § 4, p. 636, the rule is stated as follows:

"§ 4. Discretionary with trial court.

The general rule, as stated in Am Jur, Trial (1st ed § 962) with respect to all types of jury cases, both civil and criminal and including cases where the complaint was that the judge prematurely discharged the jury, is said to be that the length of time a jury may be kept in deliberation is a matter resting within the sound discretion of the trial judge, and that his action in keeping them confined for a reasonable time, refusing to discharge them at their request or sending them back for further deliberation, does not ordinarily by itself constitute an abuse of discretion or amount to conduct which will be considered improper as influencing or coercing the jurors into reaching an agreement.

"The rule has been recognized in many of the cases considering the reasonableness of the length of time that a disagreeing jury was required to deliberate, or considering the effect of instructions or remarks by the trial judge concerning the length of time that he might require a disagreeing jury to continue deliberation. Thus the following decisions recognize or state generally that the determination of how long a disagreeing jury will be kept together and required to continue their deliberations is a matter of sound judicial discretion, so that in the absence of circumstances showing an abuse of that discretion the judge's refusal or failure to discharge the jury will not be disturbed."

On appeal it is presumed that the decisions, rulings and judgment of the trial court are correct until the contrary is shown, and every reasonable presumption is indulged in favor of the trial court's action. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, ch. 56, § 2790, p. 370, with cases cited. See also Wiltrout, Indiana Practice, ch. 103, § 2790, p. 493, with cases cited.

There is nothing presented to us which would show an abuse of judicial discretion on the part of the trial court in requiring such further deliberation.

Next appellant complains that she was not given an opportunity to object to such additional "instruction"; in other
words, it is contended that both parties had requested
the court to instruct the jury in writing; that it was
error to give such oral "instruction"; that a written
instruction should have been prepared and an opportunity
given to the parties to state their objections before it was
given. However, it has been determined on numerous occasions that such an oral direction as that given by the court in
this case is not an instruction within the meaning of the law,
and that there was no error in giving this direction orally.
*McCallister* v. *Mount* (1881), 73 Ind. 559, 567; *Lehman* v.
*Hawks et al.* (1890), 121 Ind. 541, 23 N. E. 670; *Trentman
et al.* v. *Wiley et al.* (1882), 85 Ind. 33; *Peelle* v. *State* (1903),
161 Ind. 378, 68 N. E. 682; *Lett* v. *Eastern, etc. Plow Co.*
(1910), 46 Ind. App. 56, 91 N. E. 978.

A similar situation to that in this case occurred in *Hatfield*
v. *Chenowith* (1899), 24 Ind. App. 343, 56 N. E. 51, wherein
this court said:

"The record shows that when the verdict was returned,
and it was found that two of the interrogatories had not
been answered, the appellant moved that the jury be required to return to their room, and answer the remaining
interrogatories. This motion the court sustained, and orally
stated to the jury, in substance, that, if there was any evidence relating to the facts sought to be elicited by questions
four and eight, they should answer them; but, if there was
no evidence, then they might return as their answer that
there was no evidence. It is argued that this was an oral
instruction, and, as a request had been made at the proper
time that the court instruct the jury in writing, it was reversible error to give such oral instruction. If it can be
said that this was an instruction within the meaning of the
term, it was error to give it, for it is well settled that where
the proper request has been made for all instructions to be
given in writing, it is error to give oral instructions.

"In our judgment, however, the statement orally made
to the jury by the court can not be regarded as an instruc-

tion within the meaning of the statute and the law. The jury were merely directed to return to their jury room, and answer the two questions, if there was any evidence from which they could answer them, and, if there was no evidence, they might so state. In doing this, the court did not state any proposition of law nor tell the jury anything touching the merits of the case. . . .

"But appellant insists that it was not only error to give the instruction orally, but that the instruction itself was erroneous. We cannot agree with this insistence. We are unable to see any error in it, and appellant has not suggested any tenable objection to it."

As in *Hatfield* v. *Chenowith, supra,* the appellant here argues that the "instruction" itself was erroneous, and claims it invaded the province of the jury to the extent that the jury was required to answer the interrogatories unanimously so as to conform them to the general verdict. In our opinion, such deductions were not subject to such a construction, and we find no error in them.

Appellant further argues that the jury should have been required to continue its consideration of its general verdict if it were required to continue its consideration of its answers to the interrogatories, and that, "To do otherwise, is, in a way, coercion of or interference with the independency of the jury." There was no objection made to receiving the verdict at the time it was brought into open court. Rather, appellant moved only for a mistrial and the discharge of the jury. There is no requirement as to just when in the course of its deliberations the jury shall answer interrogatories. The jury may determine its verdict before answering interrogatories, or it may answer the interrogatories first, or it may deliberate upon both at the same time. *S. W. Little Coal Co.* v. *O'Brien* (1916), 63 Ind. App. 504, 520, 113 N. E 465; *Deep Vein Coal Co.* v. *Rainey* (1916), 62 Ind. App. 608, 112 N. E. 392; *Wabash R. Co.* v. *Gretzinger* (1914), 182 Ind. 155, 170, 104 N. E. 69.

In 28 I.L.E., *Trial,* § 363, p. 356, it is stated:

"§ 363. Consideration by Jury.

"The jury may consider and answer interrogatories either before or after agreement on the general verdict or during deliberations respecting the general verdict.

"The statute, Burns' Ann. St. § 2-2022, does not prescribe the order in which the interrogatories and the general verdict should be considered; it simply provides that, where requested by either party, the court shall instruct the jury when they render a general verdict to find specially on particular questions of fact to be stated to them in the form of interrogatories.

"The jury can properly consider and answer interrogatories submitted to them either before or after agreeing upon a general verdict. They are at liberty to consider the case as a whole, with a view to arriving at a general verdict, or to consider the interrogatories submitted with a view to answering them, or to consider both phases of the cause submitted, at the same time, as the jury may discover in the course of their deliberations that they may best arrive at a just determination of the whole matter submitted.

"Accordingly, where interrogatories are submitted, it is proper, when requested, to instruct that the jury may consider and answer them either before or after agreement on the general verdict. In holding that tendered instructions covering such matter should be submitted, the Appellate Court in the case of Deep Vein Coal Co. v. Raney, 1916, stated: 'The process by which a general verdict is reached, where the jury properly performs its full function, is as follows: First, the determining of all the material facts; second, the application of the law to such facts pursuant to the court's instructions. The result so arrived at is the general verdict. It is possible that in a given case the facts may be so numerous and so complicated that the jury may be unable to keep them in mind in order that they may be marshaled into the general verdict. . . . It follows, as a practical proposition, that interrogatories may perform the office of suggesting to the recollection of the jury material questions of fact which otherwise might be overlooked in arriving at the general verdict. It would, therefore, seem to be not only proper but also a commendable practice for the jury to be left freely to consider the interrogatories at such a time in the course of their deliberations as will best enable them not only to answer such interrogatories truth-

fully and accurately, but also to arrive at a just general verdict. Such a rule would authorize the jury to consider the interrogatories either before or after the general verdict had been agreed on, or during the deliberations respecting the same, as the jury itself should determine.'

"In Wabash R. Co. v. Gretzinger, 1914, the Supreme Court held that it is not proper for the court to submit written interrogatories to the jury in a sealed envelope with directions not to open it until they have agreed on a general verdict, since the consideration of the interrogatories may assist the jury in arriving at a just verdict. In so holding the Supreme Court stated: 'While it is true that the statute does not require the interrogatories to be answered in the absence of an agreement on a general verdict, we perceive no good reason why they should not be considered by the jury in deliberating on the general verdict, for it is obvious that such consideration might better enable the jury to make a conscientious general finding. The practice here pursued might, in some instances, mislead the jury in regard to the measure of duty required of it in making truthful and accurate answers to proper interrogatories. Such practice merits condemnation rather than approval.' "

Numerous cases state that when a jury returns improper, irregular or insufficient answers to interrogatories it is the duty of the court, upon motion, to require that it make proper answers, unless it cannot agree, and such cases make no reference to returning the verdict itself to the jury. Among these cases are: *Metropolitan Life Ins. Co.* v. *Johnson* (1912), 49 Ind. App. 233, 94 N. E. 785; *Union Traction Co.* v. *Howard* (1910), 173 Ind. 335, 90 N. E. 764; *Cleveland, etc., R. Co.* v. *Hayes* (1906), 167 Ind. 454, 79 N. E. 448; *Perry, Matthews-Buskirk Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 67 N. E. 183; *Life Assurance Co.* v. *Haughton* (1903), 31 Ind. App. 626, 67 N. E. 950; *Dockerty* v. *Hutson* (1890), 125 Ind. 102, 25 N. E. 144; *The Pittsburgh, Cincinnati and St. Louis Railway Company* v. *Hixon* (1887), 110 Ind. 225, 11 N. E. 285; *Peters* v. *Lane et al.* (1876), 55 Ind. 391; *Bowman et al.* v. *Phillips et al.* (1874), 47 Ind. 341; *Hopkins et ux.* v. *Stanley et al.* (1873), 43 Ind. 553; *Bradley* v. *Bradley* (1873), 45 Ind. 67; *Reeves et al.* v. *Plough* (1872), 41

Ind. 204; *Sage and Others* v. *Brown* (1870), 34 Ind. 464. Typical of these cases is that of *Bowman et al.* v. *Phillips et al.*, *supra*, in which our Supreme Court said:

"The jury returned into court a general verdict for the plaintiffs, but improper, irregular, and insufficient answers to two of the special interrogatories put to them; and the court sent them back to their room, with instructions to answer the interrogatories properly, which they did. There was no error in this. *Rosser* v. *Barnes*, 16 Ind. 502; *Noakes* v. *Morey*, 30 Ind. 103; *Sage* v. *Brown*, 34 Ind. 464."

In our opinion, the better practice would have been to return both the verdict and the interrogatories to the jury, as was done in *McCallister* v. *Mount* (1881), 73 Ind. 559, 566 and *Rush* v. *Pedigo* (1878), 63 Ind. 479.

Until the interrogatories were answered there was no final verdict, and the jury could have re-examined the whole case and changed its general verdict.

Our Supreme Court in *Byram et al.* v. *Galbraith et al.* (1881), 75 Ind. 134, 141, said:

"Inconsistencies and contradictions in such answers are not grounds for a new trial. If such inconsistencies had been pointed out at the proper time, the court, on motion, would have re-submitted the interrogatories to the jury, with instructions to answer further, so as to remove the inconsistency, even if such removal should require a re-examination of the whole case and a change of the general verdict. *Hyatt* v. *Clements*, 65 Ind. 12; *Noble* v. *Enos*, 19 Ind. 72; *Bowman* v. *Phillips*, 47 Ind. 341."

In the present case, upon the return of the jury with answers in proper form to the interrogatories, the court inquired of the jurors if the verdict they submitted prior to the time they were sent out again to deliberate on the interrogatories was still their verdict. They answered, "Yes, Sir," in unison. The court then asked, "So Say You All?" The jurors then again answered, "Yes Sir," in unison. In our opinion, based

upon the entire record, there was no error prejudicial to appellant by reason of not returning the verdict along with the interrogatories to the jury. Finally, appellant presents as error the giving of appellee's Instruction No. 12, which reads as follows:

> Before the plaintiff can recover from the defendant, Goldblatt Brothers, Inc., in this case, the plaintiff must prove by a fair preponderance of all of the evidence that the defendant maintained the floor of their store in such a negligent way as to create a dangerous condition. The mere fact that the floor might have been described as slick, shiny or slippery, fails to establish such a dangerous condition."

No error with respect to the giving of instructions is available on appeal except with the specific objections made in the trial court. See Rules of the Supreme Court, Rule 1-7; *Drolet, Admtrx. etc.* v *.Pennsylvania R. Co.* (1960), 130 Ind. App. 549, 164 N. E. 2d 555; *McCague* v. *N.Y.C. & St. L. R. Co.* (1946), 225 Ind. 83, 71 N. E. 2d 569.

In the argument, appellant devotes five pages to the proposition that "instruction number twelve could not possibly have been correctly understood and applied by the jury in light of the other instructions given by the court."

One objection to this instruction was:

> "* * * that it is misapplication and misrepresentation of the holding of the Court of Appeals of the Seventh Circuit in Stevens v. Sears, Roebuck and Company, 212 Federal 2nd, 260, in which said opinion the Court of Appeals of the Seventh Circuit purported to state the law of the State of Indiana with respect to what constitutes a prima facie case of liability against a storekeeper for the condition of its floors. In the Stevens case the only testimony with respect to the condition of the defendant's floor was the testimony of the witnesses with respect to how the floor looked, and in the instant case there is testimony in the record not only as to how the floor looked, but how it actually was."

The objection does not state in what way the instruction was a misrepresentation or misapplication of the holding of

the federal case, or, indeed, what the holding was. It was no more specific than if the objection had been simply that the instruction was not a correct statement of the law. An objection that an instruction is not a correct statement of the law and which does not state in what way or why such instruction is not a correct statement of the law is not sufficiently specific to present any error on appeal. *McCoy et al.* v. *State* (1958), 237 Ind. 654, 148 N. E. 2d 190; *Powell* v. *Ellis* (1952), 122 Ind. App. 700, 709-712, 105 N. E. 348. *Mackey* v. *Niemeyer* (1942), 113 Ind. App. 10, 44 N. E. 2d 520.

In her brief appellant states that the holding referred to in the Federal case was:

"The testimony of plaintiff's witnesses that the floor was 'slick', or 'slippery' fails to definitely show a dangerous condition. These words of description are lacking in precision of meaning. What is 'slippery' to one person might not be 'slippery' to others. The same characteristic applies to 'shiny' and 'slick'."

Appellant argues that such ruling is contrary to that in another case in the same court, in which the opinion was written by the same judge[1] and urges that we resolve the alleged conflict in these decisions of the Court of Appeals for the Seventh Circuit.[2] We must decline this task, as we are limited to the specific objections made to the instruction in the trial court and not by conflicting decisions made by a Circuit Court of Appeals.[3]

The other objections to the instruction are:

"* * * for the reason that such instruction is an invasion of the province of the jury in that it tends to limit the jury's consideration of the evidence to specific evidence when there is in the record other evidence with respect to the condition

1. See *Moyer v. Cass County Post No. 60* (1962), 298 F. 2d 46.
2. Decisions are acceptable as a guide to this court but are not binding upon us.
3. May we as the Appellate Court of Indiana be so bold as to suggest to the judges of Federal District Courts and the Circuit Courts of Appeals that they carefully read the learned opinion of Mr. Justice Brandeis reported in *Erie Railroad Co. v. Tompkins* (1938), 304 U. S. 64, 78.

of the defendant's floor beside the testimony that it looked shiny and was slippery. Secondly, it tends to invade the province of the jury by directing the jury, as a matter of law, to not find a dangerous condition from the fact that two of the witnesses testified that the floor looked shiny and was slippery and that they, the witnesses, had difficulty walking on the floor."

Non-mandatory instructions given in a case must be considered as a whole and with reference to each other and not as isolated individual instructions, and it is sufficient if considering the instructions as a whole when the jury has been fully and fairly instructed. 2 I.L.E., *Appeals,* § 526, p. 439; 28 I.L.E., *Trial,* § 272, p. 266; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, § 1510, p. 237; Wiltrout, Indiana Practice, ch. 66, § 1400, p. 339. This instruction was one of a number of instructions given on the subject of appellee's duty and responsibility in regard to the maintenance of its floor. It is not subject to the first objection that it tends to limit the jury's consideration to specific evidence. It requires proof by preponderance of all the evidence. The second objection ascribes wording to the instruction which is not contained therein. We conclude from a consideration of all the instructions that the jury was fully and fairly instructed.

We find no error harmful to appellant and the judgment is affirmed.

Judgment affirmed.

Bierly, Cook and Smith, JJ., concur.

NOTE.—Reported in 225 N. E. 2d 843.